# *EXHIBIT C*

PS3 (12/05-Rev. for PACTS 6/11)                                                  Christopher John Worrell, / 2:21-mj-1025MRM

The Pretrial Reports are not public record, are not to be reproduced or disclosed to any other party, and shall remain confidential as provided in Title 18 U.S.C. § 3153(c)(1).

# PRETRIAL SERVICES REPORT

| District/Office<br>Middle District of Florida/Fort Myers | Charge(s) (Title, Section, and Description)<br>**Rule 5** - The District of Columbia |
|---|---|
| Judicial Officer<br>Honorable Mac R. McCoy<br>United States Magistrate Judge | **Count 1:** Title 18 U.S.C. § 1752 - Knowingly Entering or Remaining in any Restricted Building or Grounds without Lawful Authority |
| Docket Number (Year – Sequence No. – Def. No.)<br>2:21-mj-1025MRM | **Count 2:** Title 18 U.S.C. § 1752 - Knowingly Engaging in Disorderly or Disruptive Conduct in any Restricted Building or Grounds<br>**Count 3:** Title 40 U.S.C. § 5104 - Violent Entry and Disorderly Conduct on Capital Grounds<br>**Count 4:** Title 18 U.S.C. § 1512 - Obstruction of Justice/Congress<br>**Count 5:** Title 18 U.S.C. § 1752 - Knowingly Engaging in Act of Physical Violence in any Restricted Building or Grounds |

## DEFENDANT

| Name<br>Worrell, Christopher John | Employer/School<br>GML Coatings | | |
|---|---|---|---|
| Other Names on Charging Document | | | |
| Address<br>282 Stanhope Circle<br>Naples, FL 34104<br>239-777-4860 Defendant Cellular | Employer/School Address<br>10315 Technology Terrace<br>Bradenton, FL 34211 | | |
| At Address Since<br>05/01/2017 | Time in Community of Residence<br>20 years | Monthly Income<br>$3,683.33 | Time with Employer/School<br>3 months |

**INTRODUCTION:**

The defendant was interviewed on March 12, 2021, at the United States Marshal Service, Fort Myers, Florida.

**DEFENDANT HISTORY / RESIDENCE / FAMILY TIES:**

The defendant, age 49, advised he was born on June 26, 1971, in Greenport, New York. He noted living in Long Island, New York, for approximately twenty-four years before relocating to Pickens County and Greenville County, North Carolina. The defendant related he lived in North Carolina for five years before relocating to Collier County, Florida, where he has remained. Mr. Worrell stated he has resided at the above listed residence for four years and he would return to this residence, if released. The defendant reported he does possess a United States passport which is located at his residence and his last international travel was on a Caribbean cruise approximately two years ago.

Page 1

PS3 (12/05-Rev. for PACTS 6/11)                                                                 Christopher John Worrell, / 2:21-mj-1025MRM

Mr. Worrell reported he has been in a relationship with Ms. Tricia Priller for four years and they do not have any children together. The defendant communicated he has one child from his previous marriage, and he shares a close relationship with his son noting they share joint custody. He advised his mother is deceased and his father resides in Naples, Florida, and the speak weekly. The defendant stated his brother resides in Connecticut and they speak monthly. The defendant informed he shares a close relationship with Ms. Priller and she would be willing to co-sign a bond.

A query with the Collier County Property Appraiser's office revealed Tricia Priller purchased the above listed residence on October 11, 1995.

Pretrial Services contacted Ms. Tricia Priller who corroborated the defendant's residential and familial information as noted above. She advised she would be willing to co-sign a bond and serve as a third-party custodian, as she does not believe the defendant poses a risk of nonappearance or danger to the community. Ms. Priller stated she does not have any felony convictions and the defendant can continue to reside in her home. She expressed a willingness to allow location monitoring in her home, if ordered by the Court.

**EMPLOYMENT HISTORY / FINANCIAL RESOURCES:**

The defendant advised he has been employed at GML Coatings in Bradenton, Florida, for approximately three months and earns $850 per week at this occupation. He reported that prior to this employment, he was employed as a manager of auto mechanic service departments for several automobile shops in Collier County, Florida. The defendant stated he was employed in this capacity for more than twenty years and earned an approximately salary of $60,000 per year.

Ms. Priller corroborated the defendant's employment information and advised the defendant will be able to return to his employment.

**Finances:**

The defendant advised his only asset is a 2011 Toyota Tundra with an approximate value of $15,000. He reported his liabilities include an outstanding credit card debt in the approximate amount of $40,000, vehicle loan with a balance of $9,500 and he is in arrears on a hospital bill with a balance of more than $100,000. He informed he is making any payments on his vehicle and credit card debts and is current on the payments. Ms. Worrell advised the monthly expenses at his residence are estimated at $3,610.

**HEALTH:**

Mr. Worrell reported he is in poor physical health and suffers from non-Hodgkin's lymphoma. He advised he was diagnosed with this cancer in 2007 and has been in treatment since that time to include chemotherapy as well as radiation. He is currently under the care of his primary care physician and he has never been diagnosed with a mental health condition.

The defendant reported he consumes alcohol approximately ten times per year week and began using marijuana at the age of nineteen. He reported he uses this substance for medicinal purposes on a daily basis and does not believe he has a substance abuse problem. The defendant communicated he has never used any other illegal controlled substance, does not have a substance abuse problem and has never undergone any substance abuse treatment. A urinalysis was not collected on the defendant due to time constraints.

PS3 (12/05-Rev. for PACTS 6/11)                                       Christopher John Worrell, / 2:21-mj-1025MRM

Ms. Priller corroborated the health information provided by the defendant and she does not believe the defendant has a substance abuse or mental health problem.

**PRIOR RECORD:**

A criminal record check was conducted through the NCIC/FCIC criminal record check system and the Comprehensive Case Information System website which revealed the following:

| Date of Arrest | Agency | Charge | Disposition |
|---|---|---|---|
| 03/29/1991 (Age 19) | Southold Town Police Department, NY | Reckless Endangerment Property Case #: 13938985M | 06/21/91: Pled Guilty. 3 years probation. |
| 05/13/1991 (Age 19) | Greenport Village Court, NY | Criminal Mischief: Intent to Damage Property | 05/31/91: Pled Guilty. 3 years probation. |
| 12/03/1996 (Age 25) | Southold Town Police Department, NY | Criminal Possession Stolen Property-5th Degree Case #: NY051731J | Disposition Unknown |
| 09/26/2000 (Age 29) | Greenville County Sherriff's Office, SC | Malicious Damage to Personal Property Less Than $1000 | 11/01/00: Convicted. 30 days jail suspended upon restitution payment of $400. |
| 06/15/2009 (Age 37) | Collier County Sheriff's Office; Naples, FL | Impersonate LEO Case #: 2009-CF-1520 | 06/16/09: Surety bond posted.  01/22/10: Pled No Contest. Adj. W/H. 2 years community control followed by 3 years probation. |

**ASSESSMENT OF NONAPPEARANCE:**

The defendant poses a risk of nonappearance for the following reasons:

1. Lack of financial ties to the community
2. Substance abuse history
3. Possession of a United States passport
4. International travel
5. Prior criminal record with history of impersonating LEO

Page 3

PS3 (12/05-Rev. for PACTS 6/11)                                                  Christopher John Worrell, / 2:21-mj-1025MRM

**ASSESSMENT OF DANGER:**

The defendant poses a risk of danger for the following reasons:

1. Nature of instant offense
2. Prior arrests and convictions
3. Substance abuse history

PS3 (12/05-Rev. for PACTS 6/11)                                   Christopher John Worrell, / 2:21-mj-1025MRM

> **This recommendation is based upon an interview with the defendant and a bail investigation conducted by Pretrial Services. The Court will take other factors into consideration when determining release or detention, as noted in 18:3142.**

**RECOMMENDATION:**       **UNSECURED BOND IN AN AMOUNT TO BE DETERMINED BY THE COURT AND CO-SIGNED BY A SUITABLE INDIVIDUAL.**

To reasonably assure the defendant's appearance and the safety of the community, Pretrial Services respectfully recommends the defendant be released on an Unsecured Bond with the following conditions:

1) Report to Pretrial Services as directed

2) Travel restricted to Middle and District of Florida and District of Columbia

3) Surrender passport and do not apply for a passport

4) Obtain or maintain verifiable employment

5) Submit to any method of drug testing and/or treatment, as directed, with costs borne by the defendant, as determined by Pretrial Services

| Pretrial Services Officer<br>Tad E. Parks<br>U.S. Pretrial Services Officer | Date<br>3/12/2021 | Time<br>2:00 PM |
|---|---|---|
| Reviewed By<br>Brandon Ramirez, Supervisory U.S. Pretrial Services Officer | | |

Page 5