# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 21-3020**  **September Term, 2020**

**1:21-cr-00292-RCL-1**

**Filed On:** May 5, 2021

United States of America,

    Appellee

    v.

Christopher John Worrell,

    Appellant

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

**BEFORE:** Millett, Wilkins, and Walker, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the memoranda of law and fact filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C. Cir. Rule 36. It is

**ORDERED and ADJUDGED** that the district court's April 6, 2021 oral ruling denying appellant's emergency motion for reconsideration of the district court's detention order be affirmed.

First, the transcript reveals that appellant did not adequately preserve his challenge to the district court's finding that the pepper spray gel he used was a dangerous weapon within the meaning of the Bail Reform Act. Accordingly, review is for plain error, which appellant has not shown. See United States v. Olano, 507 U.S. 725, 734 (1993) ("A court of appeals cannot correct an error . . . unless the error is clear under *current* law.") (emphasis added); United States v. Brown, 892 F.3d 385, 393 (D.C. Cir. 2018).

Second, appellant has not shown that the district court's dangerousness determination was clearly erroneous. As this court observed in United States v. Munchel, 991 F.3d 1273 (D.C. Cir. 2021), with regard to January 6, "those who actually assaulted police officers and broke through windows, doors, and barricades, and those who aided, conspired with, planned, or coordinated such actions, are in a different

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 21-3020**                                          **September Term, 2020**

category of dangerousness than those who cheered on the violence or entered the Capitol after others cleared the way." Id. at 1284.  In contrast to the defendants in Munchel, as the district court here found, appellant "actually assaulted police officers" with pepper spray gel.  Id.  And appellant has not shown that this finding was clearly erroneous.  The district court's dangerousness determination is further buttressed by the threats against others—including potential witnesses—that appellant indicated to the FBI, as well as his membership in and alleged coordination with the Proud Boys, some of whose members have been indicted for conspiring to attack Congress.  See id. (discussing "those who aided, conspired with, planned, or coordinated such actions").

      Third, appellant's due process argument that his non-Hodgkin's lymphoma puts him at an increased risk of contracting COVID-19 has been overtaken by subsequent events; the record demonstrates that he has recently been diagnosed with COVID-19.  To the extent that appellant argues that his having been diagnosed with COVID-19 independently warrants pretrial release, he should present that argument to the district court in the first instance.  See id. at 1281–82 ("Appellants did not raise [this] argument below, so we decline to pass on it in the first instance without the benefit of full briefing."); see also 18 U.S.C. § 3142(f) (providing that the district court may reopen detention hearing based on new information).

      Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
       Daniel J. Reidy
       Deputy Clerk