UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 1:21-cr-292-RCL |
| CHRISTOPHER WORRELL, | |
| *Defendant.* | |

## ORDER

Before the Court is the defendant's motion [55] to reconsider the Court's order [54] extending time to file supplemental briefs.

The Court briefly provides context for this motion:

- Just before 1:30 p.m.[1] yesterday, government counsel emailed the Court's law clerk and copied defense counsel. Email from William Dreher to Chambers (May 20, 2021, 1:26 p.m.). In the email, government counsel informed the Court it that sought an extension of time to file its supplemental briefing and asked if the Court preferred a formal motion to extend the deadlines. *See id.* Government counsel also said, "I have touched base with defense counsel (cc'd here), who does not oppose the extension of time in these circumstances. I believe [defense counsel] Kelly is currently reviewing the proposed order I have attached here." *Id.*

- Just before 3:00 p.m., the Court's law clerk informed government counsel that the Court requires a written motion for all extensions, copying defense counsel on that response. Email from Chambers to William Dreher (May 20, 2021, 2:57 p.m.).

---

[1] All times are in Eastern Daylight Time.

1

- Twenty-five minutes later, the government moved for an extension of its deadline. Mot. for Extension, ECF No. 53 (filed at 3:18 p.m.). In that motion, the government represented that "Counsel for the [sic] Mr. Worrell does not oppose the motion." *Id.* at 2.

- An hour and a half later, the Court granted the motion. Order, ECF No. 54 (filed at 4:42 p.m.).

- Finally, at 6:03 p.m., the defendant moved for reconsideration. Mot. Recons., ECF No. 55. He said that his consent to the motion was in error:

  > There appears to have a miscommunication between Defendant's Counsel, and Mr. Dreher as to our intent to [o]ppose this motion, as we expressed our intent to do so on May 19, when we expressed our dismay at the DC Jail's intentional delays via "foot-dragging". Though Counsel admittedly misspoke in the email chain dated today, May[] 20 when he wrote "we don't oppose an extension as warranted", when Counsel meant to say "we don't believe an extension is warranted."

*Id.* at 1.

In short, before the Court ruled, defense counsel was on notice for more than three hours that he had apparently misspoken in his email to the government. Despite that notice, defense counsel did not correct its apparent error until after the Court had ruled.

"Motions for reconsideration are 'disfavored.'" *Wright v. F.B.I.*, 598 F. Supp. 2d 76, 77 (D.D.C. 2009). Nevertheless, interlocutory orders may be reconsidered upon if (1) intervening law has changed, (2) new evidence has become available, (3) clear error marred the decision, or (4) justice requires revision. *SEC v. Bilzerian*, 729 F. Supp. 2d 9, 13 (D.D.C. 2010). Reconsideration is not "a vehicle for presenting theories or arguments that could have been advanced earlier." *Id.* at 14.

Because the defendant could have raised his objections to the motion before the Court ruled, reconsideration is not appropriate here. Nor does justice demand that the Court take an extraordinary measure to avoid a four-day delay in the briefing schedule. The motion to reconsider the order extending deadlines, therefore, is **DENIED**.

**IT IS SO ORDERED.**

Date: 5/21/21

Royce C. Lamberth
United States District Judge