UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 21-cr-292 (RCL) |
| | ) | |
| CHRISTOPHER WORRELL, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO GOVERNMENT OPPOSITION TO DEFENDANT'S EMERGENCY MOTION TO REVOKE DETENTION ORDER**

The Defendant Christopher Worrell, by and through his counsel, tenders this reply to the Government's opposition to the motion to revoke the order of detention and order his immediate release with appropriate conditions to seek proper medical care.

**INTRODUCTION**

On May 19, 2021, Dr. Ahmed Ali, the Howard University Hospital oncologist, stated that Mr. Worrell's lymphoma treatment would likely be Gazyva/Bendamustine. On June 10, 2021, Dr. Robert H. Wilson, the Howard University Hospital orthopedic surgeon, expressly stated that Mr. Worrell broken hand would require "surgical fixation." Therefore, the treatment for Mr. Worrell's serious medical needs is clearly defined and has been so for months. Men's Central Jail (MCJ) knows, and has known, exactly what treatment is must to provide.

As of September 1, it has been 105 days since Mr. Worrell saw Dr. Ali and 83 days since Mr. Worrell saw Dr. Wilson. Yet, he has received no Gazva/Bendamustine, and he has not undergone the surgical fixation. The fact that Mr. Worrell has been seen by doctors at MCJ does not compensate for the fact that he has been entirely deprived of treatment for his lymphoma and broken hand. Therefore, the Government has not refuted that MCJ is violating Mr. Worrell's Fifth

Amendment rights. Accordingly, this Court should grant Mr. Worrell's motion and release him with appropriate conditions so that he can obtain necessary medical care.

## ARGUMENT

**I.   The Government Fails to Show That Mr. Worrell Has Received Any Treatment for His Cancer or His Broken Hand**

**A.   The Government Does Not Dispute That MCJ Is Denying Mr. Worrell Treatment for His Lymphoma**

On May 19, Dr. Ahmed Ali, a Howard University Hospital doctor, stated that Mr. Worrell would need a bone marrow biopsy, port placement, and that "[treatment] likely will be Gazyva/Bendamustine." *See* ECF No. 68 at 11; *see also* ECF No. 85-1 at 83. As of September 1—*105 days* after the appointment with Dr. Ali—Mr. Worrell has yet to receive a single dose of Gazyva, Bendamustine, or any other cancer treatment. Indeed, he has yet have a port placed.[1] The Government does not—and cannot—claim that Mr. Worrell has received any Gazyva/Bendamustine. Therefore, it is undisputed that Mr. Worrell is being denied treatment for his lymphoma.

**B.   The Government Does Not Dispute That MCJ Is Denying Mr. Worrell Treatment for His Broken Hand**

On June 10, 2021, Howard University Hospital orthopedic surgeon Dr. Wilson stated that Mr. Worrell's broken hand would need to be repaired by "surgical fixation." *See* ECF No. 85-1 at 46. As of September 1—*83 days* after the appointment with Dr. Wilson—Mr. Worrell is still waiting to undergo this procedure. The Government does not—and cannot—claim that he has undergone this surgery. Accordingly, it is undisputed that Mr. Worrell is being denied treatment for his broken hand.

---

[1] Presumably, the Gazyva/Bendamustine will be administered through the port.

### C. Mr. Worrell's Other Medical Appointments Do Not Help the Government

In his motion, Mr. Worrell explained that "it is unclear when—if ever—the Government will give Mr. Worrell the treatment that its own doctors know he needs." ECF No. 81 at 10. The Government's opposition does not refute this.

Instead, The Government attempts to conceal its failure to treat Mr. Worrell's lymphoma and broken hand with "220 pages" of medical records and "dozens of doctor's visits." ECF No. 85 at 3. Yet despite the laundry list of appointments cited by the Government, Mr. Worrell is no closer to receiving treatment for his serious medical conditions. Indeed, the litany of appointments only highlight the fact that MCJ is Mr. Worrell's treatment. *Melton v. Abston*, 841 F.3d 1207, 1229 (11th Cir. 2016).

For example, on May 19, Dr. Ali ordered a bone marrow biopsy for Mr. Worrell. ECF No. 85-1 at 83. Yet, it took MCJ almost *three weeks* to procure this simple procedure. ECF No. 85 at 3 (bone marrow biopsy took place on June 7).

Likewise, Dr. Wilson ordered that Mr. Worrell undergo a number of tests prior to surgery. One such test was an EKG. *Id.* The MCJ did not obtain this simple procedure until eighteen days later. *Id.* at 4.

More generally, the Government's list of appointments, *id.* at 3–6, only highlights MCJ's gross inefficiency, scheduling Mr. Worrell for a multiplicity of appointments rather than scheduling all the diagnostic procedures on the same day. To the extent that this inefficiency is delaying Mr. Worrell's treatment, it further highlights the unconstitutional nature of Mr. Worrell's confinement.

Finally, the government's insinuation that Mr. Worrell has been the only roadblock to his own medical care is dubious. One of the entries in the medical records expressly states that Mr. Worrell refused to attend an appointment "*and signed a refusal form.*" ECF No. 85-1 at 7. Indeed, that entry states five separate times that Mr. Worrell signed a refusal form. *See id.* Thus, MCJ policy requires inmates to refuse appointments in writing. Yet, none of the other medical records state that Mr. Worrell signed a refusal form. *See id.* at 1–90. Indeed, this puts into serious doubt the Government's assertion that Mr. Worrell has repeatedly refused to attend his appointments.

### D. Mr. Worrell's Appeal Will Be Dismissed Shortly

On August 19, 2021, Mr. Worrell moved the D.C. Circuit to dismiss his pending appeal. He expects that the court will grant the motion shortly, and this Court will have jurisdiction to rule on his motion for release. Therefore, to the extent necessary, Mr. Worrell respectfully requests that this Court defer ruling on this motion until his appeal is dismissed.

### CONCLUSION

For all of the foregoing reasons, this Court should grant Mr. Worrell's motion and release him with appropriate conditions.

Date: September 1, 2021

Respectfully Submitted,

*John M. Pierce*

John M. Pierce
355 S. Grand Avenue, 44th Floor
Los Angeles, CA 90071
Tel: (213) 400-0725
Email: jpierce@piercebainbridge.com

*Attorney for Defendant Christopher Worrell*

**CERTIFICATE OF SERVICE**

I, John M. Pierce, hereby certify that on this day, September 1, 2021, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

/s/ John M. Pierce
John M. Pierce