IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Case No: 21-MJ-292 RCL |
| : | |
| CHRISTOPHER WORRELL, : | |
| : | |
| Defendant. : | |

**SUR-REPLY IN OPPOSITION TO
DEFENDANT'S EMERGENCY MOTION TO REVOKE DETENTION ORDER**

The government files this sur-reply to respond to Mr. Worrell's contention in his reply brief that he has still not received "Gazyva, Bendamustine, or any other cancer treatment," and that it is "undisputed" that he is still "being denied treatment for his lymphoma." Dkt. 89 at 2.

That latter statement is certainly disputed. The government is attaching the most recent 25 pages of Mr. Worrell's medical records, which contain those records that have been entered since August 12, 2021. The records indicate that Mr. Worrell has now received the two biopsies that he complained of not having received in his original motion—the same biopsies he previously declined to attend. *See* Ex. 2 at 9, 14; Dkt. 85 at 8-9 (detailing Mr. Worrell's previous refusals to attend these biopsies). On September 3, he was seen at Georgetown University Hospital's interventional radiology unit for an "ultrasound guided [biopsy]" of his lymph nodes. *Id.* at 14. On September 7, he was seen by Howard University Hospital for a punch skin biopsy. *Id.* at 9. The pathology results from these biopsies are pending, but anticipated in the next week or so. *Id.*

Mr. Worrell's reference to "Gazyva" and "Bendamustine" appears to refer to Dr. Ali's statement that the appropriate treatment for his symptoms is "likely to be Gazyva/Bendamustine." Ex. 2 at 27. But that was a prediction, not a recommended course of treatment. Dr. Ali's

1

recommendation was that Mr. Worrell first receive a battery of diagnostic tests, all of which he has now received, before deciding on treatment. *Id.*; *id.* at 26 (Dr. Ali noting that he will "determine [treatment] plan once lymph node and skin biopsies are completed"). The delay in obtaining those diagnostic tests, as the government previously explained, is attributable to Mr. Worrell's refusal to attend his skin biopsy and lymph node biopsy when those were scheduled in July. *See* Dkt. 85 at 8-9. Once the pathology results from those biopsies are back, Mr. Worrell's Chronic Care team, in consultation with Dr. Ali, will determine the appropriate treatment for his cancer, which may include Gazyva or Bendamustine.[1]

Once again, therefore, the medical records refute the claim that Mr. Worrell is "being denied treatment for his lymphoma." Dkt. 89 at 2. He is in fact routinely receiving care for his lymphoma, including at world-class outside hospitals with specialties in cancer care.

Incidentally, in the last month, Mr. Worrell has also now been seen three times by a physical therapist for pain in his left shoulder, *see* Ex. 2 at 2, 10, 16, received the new prescription eyeglasses he requested, *see id.* at 16, has continued to be seen approximately every two weeks by his Chronic Care team, *id.* at 1, 5-9, 17-19, 20-22, and has had a variety of blood tests conducted, some apparently at his request, *see id.* at 3-5. Mr. Worrell is receiving care for every ailment he brings to the attention of the D.C. Jail staff. His emergency motion to revoke the detention order should be denied as meritless.

                                            Respectfully submitted,

                                            CHANNING D. PHILLIPS
                                            Acting United States Attorney
                                            D.C. Bar No. 415793

---

[1] As the government has previously outlined, it appears that Mr. Worrell had no plans to obtain any of this type of treatment or testing prior to his arrest.

/s/ William Dreher
WILLIAM DREHER
D.C. Bar No. 1033828
Assistant United States Attorney (Detailed)
700 Stewart Street, Suite 5220
Seattle, WA 98101
(206) 553-4579
william.dreher@usdoj.gov