UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 1:21-cr-292-RCL |
| ) | |
| CHRISTOPHER WORRELL, ) | Let this be filed. |
| ) | Royce C. Lamberth |
| Defendant. ) | U.S.D.J. 10/13/21 |
| ) | |

### DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS, D.C. JAIL WARDEN WANDA PATTEN, AND DIRECTOR QUINCY BOOTH'S RESPONSE TO OCTOBER 12, 2021 ORDER TO SHOW CAUSE

#### INTRODUCTION

Earlier this afternoon, the Court entered an order requiring "D.C. Jail Warden Wanda Patten and DOC Director Quincy Booth are to appear and show cause why they should not be held in civil contempt" at a hearing tomorrow morning. Oct. 12, 2021 Order [105]. The Court issued the show cause order after concluding that the District of Columbia Department of Corrections (DOC) failed to comply with an October 8, 2021 Order to "forthwith" provide "the actual narrative specialist notes from Dr. Wilson, who evaluated Mr. Worrell and is recommending surgical repair." Oct. 8, 2021 Order [102]. Earlier this afternoon, DOC provided Dr. Wilson's notes to the U.S. Marshals Service (USMS).

#### LEGAL STANDARD

A Court possesses "inherent power to enforce compliance with their lawful orders through civil contempt." *Shilitani v. United States*, 384 U.S. 364, 370 (1966). That power is remedial in nature and is "used to obtain compliance with a court order or to compensate for damage sustained as a result of noncompliance." *N.L.R.B. v. Blevins Popcorn Co.*, 659 F.2d 1173, 1184 (D.C. Cir. 1981). But "[b]ecause of their very potency," courts should exercise their

contempt powers "with restraint and discretion." *Shepherd v. American Broadcasting Co., Inc.*, 62 F.3d 1469, 1475 (D.C. Cir. 1995) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) and *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980)). "Civil contempt is an extraordinary sanction that should be imposed with caution." *Al-Qahtani v. Obama*, 604 F. Supp. 2d 101, 103-104 (D.D.C. 2009) (citing *Joshi v. Professional Health Servs., Inc.*, 817 F.2d 877, 879 n.2 (D.C. Cir. 1987)).

## ARGUMENT

The Court should not hold anyone from the D.C. Jail in civil contempt for two reasons. First, DOC provided the narrative specialist notes from Dr. Wilson to the Supervisory U.S. Marshal Derek Haywood on October 12, 2021, one business day after the Court entered its October 8, 2021 Order. Second, DOC made a good faith effort to substantially comply with the October 8 Order.

Civil contempt is a coercive tool, and thus a contemnor obviates any potential contempt by complying with the underlying court order. *See Int'l Union, United Mine Workers v. Bagwell*, 512 U.S. 821, 828 (1994). Here, DOC has already complied with the October 8 Order. Today, at approximately 3:35 p.m., it provided all of Mr. Worrell's Electronic Medical Record (EMR), including Dr. Wilson's narrative specialist notes, to USMS. Any noncompliance is now remedied.

Second, DOC made a good faith effort to substantially comply with the October 8, 2021 Order. "[A] party may raise good faith substantial compliance as a defense [to civil contempt.]" *LaShawn A. ex rel. Moore v. Fenty*, 701 F. Supp. 2d 84, 90 (D.D.C. 2010). To establish good faith substantial compliance, the party "must show that it took all reasonable steps within [its] power to comply." *Int'l Painters & Allied Trades Indus. Pension Fund v. ZAK Architectural*

2

*Metal & Glass LLC*, 736 F. Supp. 2d 35, 40 (D.D.C. 2010) (internal quotations omitted). Here, as explained in the Declaration of DOC General Counsel Eric S. Glover, DOC acted diligently and promptly to forthwith comply with the Court's October 8 Order. *See, e.g.*, *Forthwith, Black's Law Dictionary* (10th ed. 2014) ("within a reasonable time under the circumstances"); *District of Columbia v. Howie*, 230 A.2d 715, 717-18 (D.C. 1967) (explaining that forthwith "means without unreasonable delay").

Upon receiving a copy of the order, DOC's General Counsel contacted the agency's medical staff to obtain Dr. Wilson's notes and have them incorporated into the EMR. Administrative staff in DOC's medical office does not work on the weekends or on holidays, so the EMR with Dr. Wilson's notes was completed today. DOC corresponded with the USMS on Friday and today to ensure the USMS had current information. DOC made good faith efforts to substantially comply with the Court's October 8, 2021 order.

## CONCLUSION

For these reasons, DOC, Warden Patten, and Director Booth respectfully ask the Court not to hold them in civil contempt and cancel the show cause hearing set for 10:00 a.m. on Wednesday, October 13, 2021.

DATE: October 12, 2021.   Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

/s/ Chad Copeland
CHAD COPELAND [982119]
Deputy Attorney General
Civil Litigation Division
400 6th Street NW
Washington, D.C. 20001
(202) 724-6623
chad.copeland@dc.gov