UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 21-CR-292 |
| | : | |
| **CHRISTOPHER WORRELL,** | : | |
| | : | |
| Defendant. | : | |

**JOINT MOTION TO CONTINUE AND
TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The United States of America, through the U.S. Attorney for the District of Columbia, and joined by defendant Christopher Worrell, through undersigned counsel, hereby moves this Court to set an arraignment and status conference in approximately 60 days, and to further exclude the period from this motion until the date of that arraignment and status conference from the time within which the trial must commence must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).   In support, the parties submit as follows:

1. On March 10, 2021, Mr. Worrell was charged via criminal complaint with one count of Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority in violation of 18 U.S.C. § 1752(a)(1) and (b)(1)(A); one count of Knowingly Engaging in Disorderly or Disruptive Conduct in any Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2) and (b)(1)(A); one count of Knowingly Engaging in Act of Physical Violence in any Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(4) and (b)(1)(A); one count of Violent Entry and Disorderly Conduct on Capitol Grounds

in violation of 40 U.S.C. §§ 5104(e)(2)(D) and (e)(2)(F); and one count of Obstruction of Justice/Congress, in violation of 18 U.S.C. § 1512(c)(2). *See* Dkt. 1.

2. On March 12, 2021, Mr. Worrell was arrested in Naples, Florida. *See* Dkt. 5.

3. On April 9, 2021, Mr. Worrell was indicted on six counts, including those charged by complaint, with the following exceptions. Mr. Worrell was also charged in the Indictment with Civil Disorder, in violation of 18 U.S.C. § 231(a)(3) (Count 5), and Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon, in violation of 18 U.S.C. § 111(a)(1) and (b) (Count 6). Mr. Worrell was not charged in the Indictment with violating 40 U.S.C. § 5104(e)(2)(D) or 18 U.S.C. § 1512(c)(2).

4. At the time of Mr. Worrell's indictment, there was a pending motion to continue the trial date and exclude time, filed by the government on April 7, 2021. *See* Dkt. 25. As a result of that motion's pendency and the pendency of other motions in this case, as well as Mr. Worrell's two interlocutory appeals filed in this case, the time between April 9, 2021 and today has been automatically excluded under the Speedy Trial Act from that Act's 70-day trial deadline. *See* 18 U.S.C. §§ 3161(h)(1)(C), (h)(1)(D), and (h)(1)(H). The following non-exhaustive list of motions and interlocutory appeals in this case serve to exclude the time from April 9, 2021 through the present. *See* Dkts. 33 and 36 (motion filed April 12, 2021, and resolved April 14, 2021); Dkts. 38, 46, and 78 (Notice of Appeal filed on April 14, 2021, appeal denied on May 5, 2021, and mandate

issued on June 29, 2021); Dkts. 44, 45, 51, 52, 62, 63 (motions filed on May 4, 2021, with briefing complete by May 26, 2021); Dkts. 47, 67 (motion filed May 11, 2021 and denied June 3, 2021); Dkts. 75, 96 (Notice of Appeal filed June 16, 2021, and mandate issued on September 15, 2021); Dkts. 81, 85, 89, 93, 95, 99, 101 (motion filed August 11, 2021, with briefing ongoing through October 8, 2021); Dkts. 97, 103, 104 (motions filed September 24, 2021 and October 8, 2021).

5. The parties have filed an agreed motion to enter a protective order governing the dissemination of discovery and disclosure of sealed material.   *See* Dkt. 37.

6. On September 24, 2021, Mr. Worrell's newly retained counsel, Mr. Stavrou, filed a notice of appearance in this case.   Mr. Stavrou requires time to review the voluminous discovery, set forth below, that has been or will be provided in this case.

7. The government has produced significant preliminary discovery in this case, including in May 2021 to Mr. Worrell's prior counsel, and in October 2021 to Mr. Worrell's current counsel.   Preliminary productions, including of reviews of Mr. Worrell's digital devices, are ongoing.   These productions are occurring now in part because the devices had to go through a lengthy filter review following the seizure of those devices on March 12, 2021.

8. But that preliminary discovery will be only a portion of the potentially relevant discovery in this case, which will be voluminous.   Because the charged criminal acts took place at the same general time and location as many other charged

crimes, the government's investigation into the breach of the United States Capitol on January 6, 2021 has resulted in the accumulation and creation of a massive volume of data that may be relevant to many defendants. Indeed, the investigation and prosecution of the events of January 6, 2021 will likely be one of the largest in American history, both in terms of the number of defendants prosecuted and the nature and volume of the evidence, as the government outlined in its prior motion to continue this case. *See* Dkt. 25. The government is working to meet its unprecedented overlapping and interlocking discovery obligations by providing voluminous electronic information in the most comprehensive and useable format. The recent discovery status memoranda that the United States has filed, which are incorporated into this motion by reference, describe this process and its progress to date. *See* Dkts. 80, 92, 94 (status memoranda as of July 15, 2021, August 23, 2021, and September 14, 2021). However, that process is anticipated to extend for at least the next 60 days. Additionally, even after defense counsel reviews the discovery, arrangements must be made to allow Mr. Worrell to view it, pursuant to the protective order.

9. In Mr. Worrell's case in particular, there is discovery from other cases that may be highly relevant to Mr. Worrell, in light of those defendants' proximity to Mr. Worrell and the relationship between those defendants and Mr. Worrell. The government is working to make that discovery available to Mr. Worrell.

10. Accordingly, the parties now jointly move this Court to schedule an arraignment and status conference at some time approximately 60 days from the date of this

        motion. Such a continuance will allow for the continued provision and review of discovery in this unusual and complex case, and will grant counsel for the defendant and the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Proceeding to trial without such a continuance would be likely to result in a miscarriage of justice, would make it unreasonable to expect adequate preparation for pretrial proceedings and trial itself due to the unusual and complex nature of the prosecution, and would deny counsel for both parties the time necessary for effective preparation.

11.    The parties also request that the time from this motion until the date of the arraignment/status conference in this matter be excluded from calculation of the time necessary to commence a trial, pursuant to the Speedy Trial Act, 18 U.S.C. § 3161. The parties submit that a continuance of approximately 60 days is warranted and that an order excluding time would best serve the interests and ends of justice and outweigh the interests of the public and defendant in a speedy trial.

    WHEREFORE, the United States and Mr. Worrell request that this Court set an arraignment and status conference in approximately 60 days, and to further exclude the period from this motion until the date of that arraignment and status conference from the time within which the trial must commence must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. §

3161(h)(7)(A), (B)(i), (ii), and (iv).

                            Respectfully submitted,

                            CHANNING D. PHILLIPS
                            Acting United States Attorney
                            DC Bar No. 415793

                            By:   */s/ William Dreher*
                            WILLIAM DREHER
                            Assistant United States Attorney
                            D.C. Bar No. 1033828
                            700 Stewart Street, Suite 5220
                            Seattle, WA 98101
                            (206) 553-4579
                            william.dreher@usdoj.gov

                            ALEX R. STAVROU, P.A.
                            13046 Racetrack Road
                            Suite 333
                            Tampa, FL 33626
                            813-251-1289
                            alex@alexstavrou.com
                            *Counsel for defendant Christopher Worrell*