UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
WASHINGTON D.C.

UNITED STATES OF AMERICA,
    Plaintiff,
vs.                                     CASE NO.: 1:2021-CR-00292-RCL-1
CHRISTOPHER J. WORRELL,
    Defendant.
_____/

## DEFENDANT'S REQUEST TO MODIFY THE CONDITIONS OF HIS PRETRIAL RELEASE

The Defendant Christopher Worrell, by and through his counsel, tenders this motion to modify conditions of his pretrial release.

**I. INTRODUCTION**

On November 4, 2021, this Court entered an Order setting Pretrial release conditions (Docket entry #125, Order on Pretrial Release Conditions). Said Order established Mr. Worrell's release on a GPS Monitor, subject to supervision by a pre-trial services officer in the Middle District of Florida. Additionally, Mr. Worrell is subject to home detention except for employment, education, religious services, Medical, substance abuse, or mental health treatment, attorney visits, court appearances, court Ordered obligations, or other activities approved in advance by the pre-trial services office or Supervising officer.

Due to the interference in Mr. Worrell's medical care, Mr. Worrell seeks modification of these conditions.

**II. STATEMENT OF FACTS**

As this Court is aware, Mr. Worrell has been battling various medical conditions. Of primary concern is his cancer care for Non-Hodgkin Lymphoma. Of additional concern is Mr. Worrell's need for major dentistry, as well as care for his deformed, broken hand.

Mr. Worrell has been ordered to pretrial release. These conditions have operated on a

system which is complied with weekly by Mr. Worrell.  Mr. Worrell has to provide pre-trial services a schedule [every Thursday] one week in advance and the schedule has no flexibility nor can Mr. Worrell deviate from the same.  Any requested changes by Worrell (not on the schedule) will be denied, as Pre-trial services will not make changes outside of the schedule.  The undersigned was advised that Pretrial Services will only make changes pursuant to Court Order.

This requirement for an advanced weekly schedule has caused significant hardship in his ability to receive medical care for several reasons. First, Mr. Worrell cannot follow through with treatment recommendations, immediate follow-ups, and referrals[1] as he is unable to schedule appointments and referrals unless they are weeks in advance.[2] Second, pre-trial services, in their manner of strict compliance, does not allow deviation from the schedule, and Mr. Worrell cannot call or correspond and request immediate scheduling changes for any reason.[3]  Third, pre-trial services require confirmation from medical providers of the scheduling of these medical matters.  The medical providers are often extremely reluctant to provide confirmation of the same, and if the provider fails to separately confirm, Mr. Worrell is not permitted to attend the appointments.

The undersigned has spoken to Pretrial and they will only make any changes or accommodation if Ordered by this Court.   This Honorable Court is intimately familiar with the High Intensity supervision Program from the D.C. Circuit.  The HISP pretrial supervision offers Incentives upon reaching certain timetables and goals (if there are no pretrial release violations).

---

[1] Worrell has had delayed (appointments having to be set several weeks) oncology, ENT, and dentistry (both general and oral), and has yet to be able to seek medical for the shoulder and hand.

[2] For example, Mr. Worrell was referred from an endodontist for an appointment to occur at a general dentists first opening (less than two days from the referral), but had to reject the appointment, and set it several weeks out due to his requirements to comply with the weekly schedule.

[3] Pretrial services will only recognize being on a curfew status OR having to submit a schedule.  Worrell's pretrial services officer will not acknowledge a hybrid of statuses

Mr. Worrell's pretrial supervision is akin to the District's HISP supervision, but without any ability to reward success with less restrictions.  Of note, since his release, Mr. Worrell has not violated his pretrial release conditions.

## V.     SUGGESTED MODIFIED PRETRIAL RELEASE CONDITIONS

Mr. Worrell seeks a modification of his pre-trial release conditions. Mr. Worrell needs the ability to timely and promptly seek medical care.  Mr. Worrell seeks modifications as follows:

1. Mr. Worrell be allowed to leave his residence, without schedule (but obviously within the confines of the remaining Court Orders), with the exception of the hours of 8 P.M. to 6 A.M.[4]

2. Mr. Worrell be allowed to provide "Doctor's notes" from treatment providers in lieu of any other method of confirmation of the appointments and his attendance.

These simple changes would allow Mr. Worrell the flexibility needed to maintain necessary and prompt medical care, and allow the flexibility for Mr. Worrell to seek treatment when the providers dictate.  The Governments position (below), while with grace, will not solve the quandry Mr. Worrell faces.  Again, Pretrial services in the Middle District of Florida requires a schedule in advance or a more open set of conditions (as Worrell requests), as they will not allow "on the fly" accommodation(s) whether religious, medical, counsel related, or for any other reason.[5]

### GOVERNMENT'S POSITION

On Thursday, December 9, 2021, the undersigned spoke to Assistant United States

---

[4] For travel to his counsel, for example, he could advise Pre-trial services of the need for additional time out of residence due to lengthy travel.  This, to date, has not been necessary after 8 P.M.

[5] Pretrial services in the Middle District of Florida, for example, recommends the emergency room as opposed to any other type of emergency care so there is no issue the matter is "an emergency." A pretrial defendant, then, without permission, would have to treat – no matter how minor – at an ER as opposed to a walk-in type clinic.

Attorney Dreher concerning this Motion. The Governments position is as follows:

"On Thursday, December 13, 2021, the undersigned communicated with Assistant United States Attorney Dreher concerning this Motion. The Government agrees that a Court order authorizing Mr. Worrell the flexibility to obtain any necessary medical care is appropriate. The Government indicated that it will file a short response with what it thinks are reasonable proposed modifications shortly after this motion is filed."

## CONCLUSION

Based on the foregoing reasons, Mr. Worrell respectfully requests this Honorable Court Modify the Pre-trial Release Conditions.

*ALEX R. STAVROU, ESQ.*
ALEX R. STAVROU, ESQUIRE
Alex R. Stavrou, P.A.
Physical address:
4908 Busch Blvd, Suite 204
Tampa, Florida 33617
Mailing:
13046 Racetrack Road, #333
Tampa, Florida 33626
Phone: 813-251-1289x1
Fax: 813-489-2528
Florida Bar No. 0108390
Alex@alexstavrou.com

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Modify Pretrial release conditions was sent via ECM filing to the United States Attorney Office (AUSA Will Dreher), and to the Clerk of District Court, on this 15th day of December, 2021.

*ALEX R. STAVROU, ESQ.*
ALEX R. STAVROU, ESQUIRE
Alex R. Stavrou, P.A.
4908 Busch Blvd, Suite 204
Tampa, Florida 33617
Phone: 813-251-1289x1
Fax: 813-489-2528
Florida Bar No. 0108390
Alex@alexstavrou.com