**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | |
| | **:** | **Case No: 21-CR-292 RCL** |
| | **:** | |
| **CHRISTOPHER WORRELL,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

## RESPONSE TO DEFENDANT'S MOTION
## TO MODIFY THE CONDITIONS OF HIS PRETRIAL RELEASE

The government files this response to the defendant's motion, filed earlier today, to modify the conditions of his pretrial release. The government agrees that it is critical that Mr. Worrell receive prompt medical care and have the flexibility to follow his doctors' recommendations. The government has always stipulated to the seriousness of Mr. Worrell's medical conditions, and continues to agree that they warrant immediate attention. Therefore, the government agrees, based on defense counsel's representations, that Mr. Worrell's conditions should be modified to ensure that he can access medical care without difficulty. The government's proposed modification differs from Mr. Worrell's in one respect described below.

Undersigned counsel was first contacted about this issue on December 3, 2021, by counsel for Mr. Worrell, and at that time the government agreed that modification of some kind appeared necessary. The government and defense counsel then consulted on December 10 and December 13, 2021. The government reiterated that it believed that modification of Mr. Worrell's conditions appeared necessary.

The government has little information about the underlying facts relating to Mr. Worrell's medical care, or his difficulties in getting appointments, since his release. The government believes Mr. Worrell's assigned D.C. and Middle District of Florida pretrial services officers are

well-positioned to provide this Court with additional information about that.

However, the government's current understanding is as follows.  The Middle District of Florida's pretrial services office can supervise Mr. Worrell either on home detention or on curfew. He is currently on home detention.  *See* Dkt. 126 at 2 (Order setting conditions of release).  Under that condition, Mr. Worrell must submit a schedule of his outside visits/appointments approximately a week in advance.  In response to Mr. Worrell's concerns, the government initially proposed modifying Mr. Worrell's conditions to keep him on home detention, but (by court order) allow him the flexibility to attend any medical or legal visit, even if that visit was not on his weekly schedule, as long as he notified pretrial services in advance.  The government was advised that that proposal may be unworkable.  Mr. Worrell's GPS outside-visit schedule is used to set the parameters for his GPS monitoring, and if Mr. Worrell leaves his residence outside of his submitted schedule, it alerts as a violation.  Thus, keeping Mr. Worrell on home detention and permitting him greater flexibility to attend appointments would require pretrial services to be on call to frequently update his GPS monitoring schedule.

Given that workability concern, the government instead proposes something similar to what Mr. Worrell proposes in his motion.  Mr. Worrell's condition of home detention could be modified to a curfew condition, requiring that he be at home between the hours of 7 p.m. and 7 a.m.  The government's understanding is that that modification would mean that, although he would have a GPS monitoring ankle bracelet on during the day, his movements between 7 a.m. and 7 p.m. would not trigger an alert for a GPS violation.  That gives Mr. Worrell significantly more flexibility.

The only distinction between the parties' positions is that the government believes the Court should still require that Mr. Worrell only leave his residence for designated purposes, and

that he submit a schedule of outside visits, and notice of changes to that schedule, to pretrial services.  Mr. Worrell's proposal, by contrast, would require that he provide no information regarding his whereabouts or reasons to leave the home during the day.  (To be clear, in the government's proposal, Mr. Worrell would not need approval of his medical or legal visits; he instead would be required only to provide notice of those visits.)  It is true that, if his condition is modified to a curfew, pretrial services will not be enforcing Mr. Worrell's daily schedule through GPS monitoring, because it would not be alerted if he left the house at times other than on his schedule.  However, the government would still prefer to have in place an order from this Court requiring Mr. Worrell to remain on his schedule or notify pretrial services of changes to that schedule, as the force of that order alone should compel compliance.

To be specific, the government would propose that this Court's order state:  "Condition (p) of Mr. Worrell's conditions of release, *see* Dkt. 126 at 2, is modified to require that Mr. Worrell be on curfew and restricted to his residence between 7 p.m. and 7 a.m. every day.  Outside of those hours, Mr. Worrell is free to leave his residence for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; or court-ordered obligations.  Mr. Worrell may also leave his residence for other activities approved in advance by the pretrial services office or supervising officer.  Mr. Worrell must continue to submit a schedule of anticipated travel outside of his residence, and provide notice of any changes to that schedule, as directed by the pretrial services office or supervising officers."

This option gives Mr. Worrell the flexibility he needs to attend any medical or legal visits he thinks are necessary, does not burden pretrial services with having to constantly update his approved GPS schedule, and yet does not remove pretrial services' ability to supervise his movements during the day.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar Number 481052

*/s/ William Dreher*
WILLIAM DREHER
D.C. Bar No. 1033828
Assistant United States Attorney (Detailed)
700 Stewart Street, Suite 5220
Seattle, WA 98101
(206) 553-4579
william.dreher@usdoj.gov