UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
WASHINGTON D.C.

**UNITED STATES OF AMERICA,**
       **Plaintiff,**
**vs.**                                            **CASE NO.: 1:2021-CR-00292-RCL-1**
**CHRISTOPHER J. WORRELL,**
       **Defendant.**
_____/

## DEFENDANT'S RESPONSE TO COURT'S ORDER DATED 1/5/22

The Defendant Christopher Worrell, by and through his counsel, tenders this response to the Court's Order dated January 5, 2022, and states as follows:

### I.   The Submitted Violation

Worrell is alleged to have violated condition (t), which states:

(t)   Permit pretrial Services to visit him at home or elsewhere at anytime and to confiscate contraband in plain view.
Not access the internet, including social media and email, except for use with his legal defense team or as authorized by Pretrial Services.
Not use encrypted messaging applications unless approved by pretrial services
Not have any contact with any other persons or organizations involved in the January 6 Capitol events after returning to the District where he will be supervised, except with their legal defense teams or as otherwise authorized by pretrial services
Defendant shall refrain from corresponding directly or indirectly with any news media organization (for example, Newsmax, Washington Post, Brietbart) without prior approval of the Court.
Defendant shall refrain from directly or indirectly publicly commenting on his case without prior approval of the Court.

### II.   Mr. Worrell's Statement

The Defendant was working with his third-party custodian for purposes of completion and submission of his weekly schedule.[1]  The previously submitted schedule was denied, and

---

[1] We concur that the Order does not allow internet access, including social media and email, except for use with his legal defense team or as authorized by Pretrial Services. Worrell was not "online," or using the internet

Worrell was re-drafting and preparing the same. This completion and re-submission was done while Worrell was on the phone simultaneously with Pre-trial services Officer Tad Parks. All submissions were done with Worrell's third-party custodian present and with her supervision.

More specifically, on the morning of 12/23/21, Priller became aware of the new order setting conditions of release. Priller immediately forwarded the Order to Pretrial Services Officer Parks, knowing Priller had just sent Worrell's new schedule (due by noon the same day) and due to being concerned about not being compliant with the new conditions. Worrell then immediately called Parks with questions pertaining to his submitted schedule at which time Parks advised Worrell his schedule was denied. During his conversation with Parks, Priller/Worrell was actively changing the schedule to comply with the new order. Priller/worrell also emailed Parks asking if last week's previously approved schedule needed to be modified as they wished to attend a Christmas dinner until 9:30 p.m. Parks advised that the schedule needed to comply as of December 22, 2021 (the date of new Order).

As Worrell was – with the presence of his third-party custodian – preparing a new, updated schedule via Microsoft office, this Court should find no violation, or that the violation was de minimis.

The third-party custodian has already placed passwords as well as fingerprint only access to the computer (which has been previously shown to Parks). Worrell has no access to any computer without the third-party custodian approval/fingerprint. Additionally, Worrell was utilizing Microsoft Office – more specifically, Excel[2] – to prepare his new, updated weekly schedule. Respectfully, this Court has imposed conditions, Worrell understands those conditions, and there are no other conditions which could be imposed which would minimize

---

[2] The Defendant was utilizing the equivalent of excel, a sub-program within office, to create a schedule as for the upcoming week; Worrell did not have access to the preformulated provided document from pretrial services, and admittedly, cannot – without permission – travel to obtain the same from probation.

or avoid the perceived risk of violation.

## CONCLUSION

Based on the foregoing reasons, Mr. Worrell respectfully requests this Honorable Court receive this explanation and take no action.

*ALEX R. STAVROU, ESQ.*
ALEX R. STAVROU, ESQUIRE
Alex R. Stavrou, P.A.
Physical address:
4908 Busch Blvd, Suite 204
Tampa, Florida 33617
Mailing:
13046 Racetrack Road, #333
Tampa, Florida 33626
Phone: 813-251-1289x1
Fax: 813-489-2528
Florida Bar No. 0108390
Alex@alexstavrou.com

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Modify Pretrial release conditions was sent via ECM filing to the United States Attorney Office (AUSA Will Dreher), and to the Clerk of District Court, on this 14th day of January, 2022.

*ALEX R. STAVROU, ESQ.*
ALEX R. STAVROU, ESQUIRE
Alex R. Stavrou, P.A.
4908 Busch Blvd, Suite 204
Tampa, Florida 33617
Phone: 813-251-1289x1
Fax: 813-489-2528
Florida Bar No. 0108390
Alex@alexstavrou.com