UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-CR-292 |
| | : | |
| CHRISTOPHER WORRELL, | : | |
| | : | |
| Defendant. | : | |

**JOINT MOTION TO CONTINUE AND
TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The United States of America, through the U.S. Attorney for the District of Columbia, and joined by defendant Christopher Worrell, through undersigned counsel, hereby moves this Court to vacate the status conference set for March 18, 2022, to set a status conference in approximately 90 days, and to exclude the period from March 18, 2022 until the date of that status conference from the time within which the trial must commence must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv). In support, the parties incorporate by reference the facts submitted in their prior motion to continue, *see* Dkt. 113, which set forth the procedural history of the case through October 13, 2021, and further submit as follows:

1. At the time of Mr. Worrell's indictment on April 9, 2021, *see* Dkt. 31, there was a pending motion to continue the trial date and exclude time, filed by the government on April 7, 2021. *See* Dkt. 25. As a result of that motion's pendency and the pendency of other motions in this case, as well as Mr. Worrell's two interlocutory appeals filed in this case, the time between April 9, 2021 and December 21, 2021 was automatically excluded under the Speedy Trial Act from

that Act's 70-day trial deadline.  *See* 18 U.S.C. §§ 3161(h)(1)(C), (h)(1)(D), and (h)(1)(H).  The following non-exhaustive list of motions and interlocutory appeals in this case served to exclude the time from April 9, 2021 through December 21, 2021.  *See* Dkts. 33 and 36 (motion filed April 12, 2021, and resolved April 14, 2021); Dkts. 38, 46, and 78 (Notice of Appeal filed on April 14, 2021, appeal denied on May 5, 2021, and mandate issued on June 29, 2021); Dkts. 44, 45, 51, 52, 62, 63 (motions filed on May 4, 2021, with briefing complete by May 26, 2021); Dkts. 47, 67 (motion filed May 11, 2021 and denied June 3, 2021); Dkts. 75, 96 (Notice of Appeal filed June 16, 2021, and mandate issued on September 15, 2021); Dkts. 81, 85, 89, 93, 95, 99, 101, 114, 118, 119, 121 (motion filed August 11, 2021 and resolved on November 4, 2021); Dkt. 97 (motions filed September 24, 2021 and resolved October 21, 2021); Dkt. 103, 104 (motions filed October 8, 2021); Dkt. 113 (motion filed October 17, 2021); Dkt. 131 (motion filed December 15, 2021, and resolved on December 22, 2021).

2. On December 21, 2021, this Court excluded time under the Speedy Trial Act through March 18, 2022.

3. The government has produced significant discovery in this case, including in May 2021 to Mr. Worrell's prior counsel, and in October 2021, December 2021, January 2022, and March 2022 to Mr. Worrell's current counsel. In Mr. Worrell's case in particular, there is discovery from other cases that may be highly relevant to Mr. Worrell, in light of those defendants' proximity to Mr. Worrell and the relationship between those defendants and Mr. Worrell.  The government today

        cross-produced to Mr. Worrell a significant quantity of that discovery from the cases against more than two dozen potentially relevant defendants.   Counsel for the defendant, Alex Stavrou, will require significant time to review this discovery and discuss its relevance to Mr. Worrell with Mr. Worrell in preparation for a trial or other resolution of the case.

4. Finally, the government produced over 1,300 jail calls of Mr. Worrell's to Mr. Worrell in December, after the government received them from the D.C. Jail. While undertaking a review of those jail calls, the government encountered one call that may have included communications between Mr. Worrell and his then-counsel.   (The government ceased its review of the jail call before Mr. Worrell and his prior counsel actually began speaking, so does not know whether the call in fact contained such communications.)   The government maintains the position that calls between Mr. Worrell and his counsel that also involved unrepresented third parties are likely not privileged, but has out of an abundance of caution recently worked with defense counsel to set up a process for a review of those calls that would segregate those calls that might include communications (privileged or not) between Mr. Worrell and his counsel from the remainder of the calls.   That process is expected to take several additional months.

5. Accordingly, the parties now jointly move this Court to schedule a status conference at some time approximately 90 days from the date of this motion. Such a continuance will allow for the continued provision and review of discovery in this unusual and complex case, and will grant counsel for the

defendant and the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Proceeding to trial without such a continuance would be likely to result in a miscarriage of justice, would make it unreasonable to expect adequate preparation for pretrial proceedings and trial itself due to the unusual and complex nature of the prosecution, and would deny counsel for both parties the time necessary for effective preparation.

6. The parties also request that the time from this motion until the date of the status conference in this matter be excluded from calculation of the time necessary to commence a trial, pursuant to the Speedy Trial Act, 18 U.S.C. § 3161. The parties submit that a continuance of approximately 90 days is warranted and that an order excluding time would best serve the interests and ends of justice and outweigh the interests of the public and defendant in a speedy trial.

WHEREFORE, the United States and Mr. Worrell request that this Court to vacate the status conference set for March 18, 2022, to set a status conference in approximately 90 days, and to exclude the period from March 18, 2022 until the date of that status conference from the time within which the trial must commence must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

D.C. Bar No. 481052

*/s/ William Dreher*
WILLIAM DREHER
Assistant United States Attorney
D.C. Bar No. 1033828
700 Stewart Street, Suite 5220
Seattle, WA 98101
(206) 553-4579
william.dreher@usdoj.gov

*/s/ Alex R. Stavrou*
ALEX R. STAVROU, P.A.
13046 Racetrack Road
Suite 333
Tampa, FL 33626
813-251-1289
alex@alexstavrou.com
*Counsel for defendant Christopher Worrell*