UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:21-CR-292 -RCL-1 |
| | ) |
| CHRISTOPHER WORRELL | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT CHRISTOPHER WORRELL'S

## MOTION TO CONTINUE TRIAL

**COMES NOW** Defendant Christopher Worrell, by and through his Counsel of Record, Alex Stavrou and in concurrence with incoming Counsel, Joseph W. Allen, and hereby moves the Court to grant him continuance of trial currently set for December 12, 2022, and in support of this *Motion*, Counsel submits the following:

### BACKGROUND

Mr. Worrell has been diagnosed with cancer which has been exacerbated from a Stage I to a Stage III in the relatively brief span of time that these charges have been pending against him. Said medical considerations have been well documented throughout the pendency of this case as has the woeful misconduct on the part of the District of Columbia Department of Corrections under whose "care" Mr. Worrell's cancer accelerated to its present Stage III. Mr. Worrell underwent surgery on September 14, 2022, on his jaw due to the aforementioned cancer. As a consequence of this surgery, Mr. Worrell is unable to communicate verbally and is therefore woefully handicapped in his ability to contribute toward the preparation for trial which is now less than 90 days away.

1

Mr. Worrell has also recently engaged new counsel to represent him at trial. Said counsel has, at the time of the drafting of this *Motion*, yet to have his *pro hac vice Motion* granted. Though making up for the disparity as quickly as possible, incoming Counsel has not had the ability to access the specific discovery in Mr. Worrell's case, engage in any kind of meaningful communication with the attorney for the Government, or file the necessary pre-trial motions which are vital not only to Mr. Worrell's defense, but also to preserve certain issues for the record, issues which have to date, been neither filed nor heard.

Further, Mr. Worrell has a co-defendant under case number 1:21-CR-292 -RCL-2. Mr. Worrell has expressed his adamant wishes to move this Court to sever forthwith as he believes that the continued presence of a co-defendant jeopardizes and prejudices his defense. Therefore, a continuance of trial in this matter is proper until such time as a *Motion to Sever* and the supporting evidence thereto has been heard.

Mr. Worrell has had reasonable time to discuss this *Motion* with his Counsel of Record and incoming Counsel and is in agreement therewith. He further understands that in moving this Court to grant a continuance, the time thereof will be tolled against his right to a speedy trial. Mr. Worrell's affidavit in support of this *Motion* is filed herewith and incorporated herein by reference. *See* Exhibit 1.

## **LEGAL STANDARD**

The Court may grant a continuance on its own motion or at the request of the defendant, defendant's counsel, or the attorney for the Government and toll the time thereof in the calculations for a speedy trial for, among other considerations, whether such continuance is necessary to prevent a miscarriage of justice, the unusual or novel nature of the case and the reasonable necessity of preparation time in addressing said novelty, and/or whether failure to

grant the continuance will unreasonably deny the defendant continuity of counsel and/or deny the reasonable time necessary for effective preparation 18 U.S.C § 3161(h).

### ARGUMENT

Mr. Worrell is diagnosed with Stage III Non-Hodgkin's Lymphoma. This cancer, which was exacerbated during the time of Mr. Worrell's incarceration, has required surgery to address. Said surgery was conducted on September 14, 2022. Following this procedure, Mr. Worrell has been informed by his physician that he will require no less than six rounds of chemotherapy. The surgical procedure has rendered Mr. Worrell unable to verbally communicate. As Mr. Worrell is under certain bond restrictions that do not allow him to communicate electronically with any efficiency, this inability to communicate severely hinders his ability to contribute to his own defense. While the doctors are hopeful of a full recovery, the length of time until Mr. Worrell is able to speak is uncertain and with trial less than 90 days away, it is in the interests of justice that this Court grant his motion to continue.

Mr. Worrell has made the decision to retain new counsel as is his right. *See Smith v. United States*, 288 F. 259, 260-61 (D.C. Cir. 1923); *Lee v. United States*, 98 U.S. App. D.C. 272, 235 F.2d 219, 221 (1956). The unprecedented volume of the discovery in these cases is such that even with no change in counsel, a continuance of trial is in the interests of justice as there are new releases and revelations weekly, if not daily which bear immediate relevance to Mr. Worrell's case. *See United States v. Nordean*, No. 21-175 (TJK), 2022 U.S. Dist. LEXIS 111757, at *7 (D.D.C. June 24, 2022). Mr. Worrell is facing substantial charges which require not only adequate time for incoming counsel to review all relevant discovery and exculpatory evidence, but also to properly and effectively prepare for trial.

Though the burden of proof in demonstrating a need to sever the co-defendant is heavy, Mr. Worrell and his counsel believe that sufficient evidence exists to demonstrate the joinder violates his Constitutional rights to a fair trial. Further, it is believed that Mr. Worrell will be able to demonstrate to the satisfaction of this Court that the failure to sever will unfairly and indeed, dangerously, prejudice him even before he reaches trial in this case.

Finally, and though the foregoing alone is sufficient cause to continue trial, there are also developing and growing numbers of issues, both in the public eye and in the internal machinations of these judicial proceedings which have presented themselves and which require being fully explored through FOIA and additional discovery. It is believed that substantial evidence exists which will result in dismissals on all counts for failure of the Government to meet their burden under the elements of the charges, gross violation on the part of the Government and its agents of 18 U.S.C. § 3182, and the deeply concerning emerging evidence of the Government and its agents use of entrapment with willful malice and forethought against not only Mr. Worrell, but indeed the entirety of the so called, "J6" Defendants. Therefore, it is in the interests of justice that this Court grant Defendant a continuance of trial until such time as the full scope of his case may be appreciated and all relevant discovery and evidence be fully examined and explored.

## CONCLUSION

Mr. Worrell is facing significant and serious charges which, regardless of the outcome, will have lifelong ramifications. Indeed, Mr. Worrell is already suffering from the effects of these proceedings such that his health has deteriorated dangerously from what is widely understood to be a terminal illness, even with the best of treatments as there is no medical

4

assurance of remission. Mr. Worrell has demonstrated that he takes the case at hand with the upmost responsibility, having extended himself financially to the breaking point in order to retain the best possible counsel he is able for each stage of this case.

With such considerations for the best possible defense and representation, Mr. Worrell has exercised his right to counsel and the same requires this Court grant adequate and reasonable time for incoming Counsel to fully and effectively prepare for his defense. These adequate and effective preparations also include making every possible concession to the end of insuring the effective assistance of counsel. Such effective assistance includes exploring all avenues of defense, keeping apprised of the growing and developing nature of these January 6 proceedings, the evidence produced thereby, and zealously pursuing all which would be in the Defendant's best interests, not the least being the aforementioned severance of the co-defendant. Therefore, and in light of the forgoing, the interests of justice require this Court grant Defendant's *Motion to Continue Trial* for such reasonable time as will satisfy the aforementioned litany of concerns.

Respectfully Submitted,

/S/ ALEX R. STAVROU, ESQ.

ALEX R. STAVROU, ESQUIRE
300 South Hyde Park Avenue, STE 180
Tampa, Florida 33606
Phone:   813-251-1289
Fax :    813-489-2528
Fl Bar No.: 0108390
**Attorney for Defendant**

Joseph W. Allen
1015 State Hwy 248, STE I
Branson, Missouri 65616
Telephone: (417) 334-6818
Facsimile: (417) 612-7081
MO Bar No. 57669
**Attorney or Defendant**

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of September 2022, I filed the foregoing Motion For Continuance of Trial with Exhibit 1, and a proposed Order by the Court's CM/ECF system. All case registered parties will be served by CM/ECF.

/S/ ALEX R. STAVROU, ESQ.
_____
ALEX R. STAVROU, ESQUIRE
300 South Hyde Park Avenue, STE 180
Tampa, Florida 33606
Phone:   813-251-1289
Fax :    813-489-2528
Fl Bar No.: 0108390
**Attorney for Defendant**

_____
Joseph W. Allen
1015 State Hwy 248, STE I
Branson, Missouri 65616
Telephone: (417) 334-6818
Facsimile: (417) 612-7081
MO Bar No. 57669
**Attorney or Defendant**

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CHRISTOPHER WORRELL<br><br>Defendant. | )<br>)<br>)<br>)<br>) Case No. 1:21-CR-292 -RCL-1<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT'S AFFIDAVIT IN SUPPORT OF HIS MOTION TO CONTINUE TRIAL

I, Christopher Worrell, affirm that I have read the *Motion to Continue Trial* filed herein, that I have had opportunity to discuss said *Motion* with my Counsel of Record, Alex Stavrou, and incoming Counsel, Joseph W. Allen, that I understand that the time will be tolled against my right to a speedy trial, and that I agree with the forgoing and affix my signature hereto in support thereof.

Date: _____    _____
Christopher Worrell