UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-CR-292 |
| | : | |
| CHRISTOPHER WORRELL, | : | |
| | : | |
| Defendant. | : | |

**MOTION TO MODIFY CONDITIONS OF PRETRIAL RELEASE**

The United States of America, through undersigned counsel, moves this Court for an order modifying defendant Christopher Worrell's bond conditions. In his motion to continue the trial, Worrell asserts that "[a]s a consequence of [his recent] surgery, Mr. Worrell is unable to communicate verbally and is therefore woefully handicapped in his ability to contribute toward the preparation for trial which is now less than 90 days away." Dkt. 161 at 1. The defendant further states that he is "under certain bond restrictions that do not allow him to communicate electronically with any efficiency, this inability to communicate severely hinders his ability to contribute to his own defense." Dkt. 161 at 3.

The government will separately respond to Mr. Worrell's motion to continue, but in the meantime, moves this Court to permit Mr. Worrell to use the internet to communicate with defense counsel and to view discovery. His bond conditions already permit him to access the internet "for use with his legal defense team," and in the government's view that is likely best read to permit him to use the internet to communicate with his legal counsel or to view discovery provided by them. Dkt. 134 at 3. But regardless, the government's requested language (included below) would make clear that Mr. Worrell can use the internet to do both of those things. Mr. Worrell's

inability to talk for a short period of time due to jaw surgery should certainly not be a reason to continue the trial, given that he can instead communicate electronically with his counsel. In light of his apparent history of recent compliance with his internet bond condition and his current medical condition, the government also thinks that its proposed, narrow exception to his bond condition is appropriate and will permit him to fully participate in his defense.

The government therefore proposes the following language be entered either via the proposed order or in a revised bond order, with this language taking the place of the current language in Condition 7(t) of his bond relating to internet use: "The defendant may access the internet in the following circumstances: to communicate with his legal team, to review discovery in his case, or with authorization from pretrial services. Otherwise, the defendant may not access the internet, including social media and email."

The government contacted defense counsel about this motion on September 20, 2022. However, defense counsel has been unable to ascertain his client's position on this motion. There would appear to be no prejudice to the defendant given that this request would, if anything, relax his bond conditions.

                                        Respectfully submitted,

                                        MATTHEW M. GRAVES
                                        UNITED STATES ATTORNEY
                                        D.C. Bar No. 481052

By:    /s/ *William Dreher*
        WILLIAM DREHER
        Assistant United States Attorney
        D.C. Bar No. 1033828
        700 Stewart Street, Suite 5220
        Seattle, WA 98101

(206) 553-4579
william.dreher@usdoj.gov