UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-CR-292 |
| | : | |
| CHRISTOPHER WORRELL, | : | |
| | : | |
| Defendant. | : | |

## OPPOSITION TO MOTION TO CONTINUE TRIAL

The United States opposes defendant Christopher Worrell's motion to continue the trial date. Dkt. 161. There appear to be three articulated bases for the motion. The first is that Worrell was, at least as of the motion's filing, unable to speak due to jaw surgery. Dkt. 161 at 3. This Court's recent order modifying his conditions to unambiguously permit him to communicate electronically with his defense team addresses that concern. *See* Dkt. (minute order of Sept. 26, 2022). The second is the addition of a second defense counsel to assist with Worrell's case. Dkt. 161 at 3. But Worrell's primary counsel, Mr. Stavrou, is an experienced criminal defense attorney and is remaining on the case. He has been on the case for a year now. The addition of a second attorney should relieve the burden on Mr. Stavrou in preparing for trial, and make the current December 12, 2022 trial date all the better for the parties. Third, Worrell believes that the trial should be continued so that a yet-to-be-filed motion to sever his codefendant (who was joined in June), along with other motions only vaguely described, can be heard. Worrell failed to file any of these motions by the motions deadline. But even were the Court to now hear a motion to sever (or the other motions to which Worrell refers), there is plenty of time to adjudicate it before trial. Worrell's motion to continue a trial that is, even now, 70 days away should be denied.

## BACKGROUND

"It is firmly established that the granting or refusal of a continuance is a matter within the discretion of the judge who hears the application, and is not subject to review absent a clear abuse." *United States v. Burton*, 584 F.2d 485, 489 (D.C. Cir. 1978). That is true even where the Court must "balance between the right to select counsel and the public's interest in the orderly administration of justice"; the appellate court will defer to the trial court's balancing and "not reverse absent a showing of a deprivation of the defendant's right." *Id.* at 492; *see also United States vs. Poston*, 902 F.2d 90, 97 (D.C. Cir. 1990) (applying *Burton* and affirming trial judge's refusal to grant continuance based on the asserted need of new counsel to prepare for trial).

Additionally, the Circuit has recognized that both the trial court and the government "generally ha[ve] a substantial interest in avoiding disruptions of a court's calendar and in having guilt or innocence promptly adjudicated." *United States v. Haldeman*, 559 F. 2d 31, 83 (D.C. Cir. 1976); *United States v. Gordon*, 77 F. Supp. 3d 95, 100 (D.D.C. 2015) (Lamberth, J.) ("The public has a strong interest in efficient and effective resolution of cases.").

Under *Burton*, the factors this Court should consider in evaluating a defendant's continuance request include:

> the length of the requested delay; whether other continuances have been requested and granted; the balanced convenience or inconvenience to the litigants, witnesses, counsel, and the court; whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; whether the defendant has other competent counsel prepared to try the case, including the consideration of whether the other counsel was retained as lead or associate counsel; whether denying the continuance will result in identifiable prejudice to defendant's case, and if so, whether this prejudice is of a material or substantial nature; the complexity of the case; and other relevant factors which may appear in the context of any particular case.

584 F.2d at 490-91; *see also Gordon*, 77 F. Supp. 3d at 99-100 (holding that district court did not

abuse its discretion in refusing to grant continuance that would have allowed defendant's desired new counsel to prepare for trial).

**ARGUMENT**

Here, because Worrell seeks to continue the case to permit *additional* counsel, not substitute counsel, to get up to speed, Worrell's right to counsel of his choice is arguably not implicated. But in any event, virtually all of the *Burton* factors favor denying Worrell's request for a continuance.

*First*, Worrell seeks a continuance of indeterminate length, without offering any firm timeframe within which he would feel prepared to go to trial. *See* Dkt. 161 at 4 (seeking continuance "until such time as the full scope of his case may be appreciated and all relevant discovery and evidence be fully examined and explored").

*Second*, the case was first charged in March 2021, and the vast majority of the most relevant discovery was provided in 2021. It is now September 2022. The Court has already granted numerous continuances, either via motion or at status conferences. *See* Dkt. 113 (joint motion to continue case); Dkt. (minute entry for November 3, 2021 status conference noting grant of continuance to December 21, 2021); Dkt. (minute entry for December 21, 2021 status conference noting grant of continuance to March 17, 2022); Dkt. 143 (granting motion to continue from March 17, 2022 through June 17, 2022); Dkt. (minute entry for June 17, 2022 status conference noting grant of continuance to August 12, 2022); Dkt. (minute entry for August 12, 2022 status conference noting grant of continuance to August 19); Dkt. (minute entry for August 19, 2022 status conference noting grant of continuance to trial date of December 12, 2022).

*Third*, a continuance would cause inconvenience to the government and, likely, the Court.

The government has already cleared the December 12, 2022 trial date with its witnesses, including civilian witnesses and individuals who will have to travel from out of town. Moreover, given the volume of January 6 cases on the dockets of courts in this district, the government is concerned that continuing the trial could result in a substantial wait for another opening on the Court's trial calendar.

*Fourth*, the portion of Worrell's motion to continue that relies on the need to file additional motions or discovery requests appears to be "dilatory," rather than based on "legitimate reasons." *Burton*, 584 F.2d at 490-91. Worrell adverts to the need to "file the necessary pre-trial motions" that he claims are "vital . . . to Mr. Worrell's defense." Dkt. 161 at 2. But the motion to continue was filed on the pretrial motions deadline. It is unclear why any other pretrial motions could not also have been filed on that date, 18 months after Worrell was charged.

In any event, those pretrial motions that are mentioned in Worrell's motion to continue would not require a continuance. Worrell first refers to a "[m]otion to [s]ever" his case from that of his co-defendant based on unspecified "prejudice," *id.*; *id.* at 4 (referring again to severance issues), but Worrell has not filed such a motion, which can (if filed) easily be adjudicated before trial. Beyond that, Worrell only hints mysteriously at purported "substantial evidence" that "will result in dismissals on all counts," "gross violation on the part of the Government and its agents of 18 U.S.C. § 3182," and even a claim of "emerging evidence of the Government and its agents [sic] use of entrapment with willful malice and forethought [sic] against not only Worrell, but indeed the entirety of the so called, 'J6' Defendants." Dkt. 161 at 4. But Worrell's trial will not be a forum to hear unfounded or irrelevant legal theories, so his trial need not be moved for him to pursue discovery requests or motions that lack merit. And despite this case having begun 18

months ago, Worrell has provided nothing to support his allegations of "gross violation[s]" of irrelevant statutes, "entrapment," or that his charges arise from a malicious government conspiracy.

As but one example, Worrell refers in passing to 18 U.S.C. § 3182, the federal extradition statute. But Section 3182 sets forth the process for extradition from one state to another, at the charging state's request, and relates only to state prosecutions. That statute has no application to federal criminal cases like Worrell's. *See, e.g.*, *Nettles v. Newaygo Cnty. Jail*, No. 1:21-CV-997, 2021 WL 5772315, at *4 (W.D. Mich. Dec. 6, 2021) (noting that federal defendant's "transfer to this district," even if from state custody via writ of habeas corpus *ad prosequendum*, is "not limited by the . . . federal Extradition Act, 18 U.S.C. § 3182, because that . . . act [is] inapplicable to transfers of custody to or from the federal government"); *Kornegay v. Ebbert*, 502 F. App'x 131, 133-34 (3d Cir. 2012) (unpublished) (Section 3182 does not apply even to state-charged defendants transferred from federal custody—much less federally charged defendants never in state custody). Moreover, Worrell cited the same statute in his May 9, 2022 letter to Florida Attorney General Ashley Moody complaining of the illegality of his arrest in this case. *See* Ex. 1 at 1-2. Thus, Worrell has been pursuing this incorrect theory for months, and he had ample time to request any discovery or file any motions relating to it prior to the pretrial motions deadline.

*Fourth*, Worrell "contributed to the" second "circumstance which gives rise to the request for a continuance," when he chose to add a second attorney to the case, and when he failed to file motions (such as a motion to sever) by the pretrial motions deadline. *Burton*, 584 F.2d at 490-91.[1] Worrell also "has other competent counsel prepared to try the case" in Mr. Stavrou, an

---

[1] Worrell also asserts that "incoming Counsel has not had the ability to . . . engage in any kind of

experienced criminal defense attorney who has been on this case for over a year.  *Id.*  And Worrell's new counsel was retained as an additional attorney, but is not (to the government's knowledge) replacing Mr. Stavrou as lead counsel.  *Id.*

Finally, *fifth*, for the reasons given above, denying the continuance will result in no "identifiable prejudice" to Worrell's case.  *Id.*  Worrell's inability to talk for a period after his surgery does not prevent him from preparing for trial given the Court's recent order permitting him to communicate and review discovery electronically.   That surgery did not prevent him from preparing for trial over the 18 months prior to the surgery, either.   Worrell's decision to bring on a second attorney, meanwhile, will assist his defense team in preparing for trial, not hinder it.   The addition of another attorney to review discovery, draft and respond to motions, and meet with Worrell will relieve some of those burdens on Mr. Stavrou, and two counsel presumably will not require more time to prepare for trial than Mr. Stavrou would have required on his own.

## CONCLUSION

The Court should deny Worrell's motion for a continuance.

>
> Respectfully submitted,
>
> MATTHEW M. GRAVES
> UNITED STATES ATTORNEY
> D.C. Bar No. 481052
>
> By:    /s/ *William Dreher*
>        WILLIAM DREHER
>        Assistant United States Attorney (Detailed)
>        D.C. Bar No. 1033828

---

meaningful communication with the attorney for the Government."  Dkt. 161 at 2.  The government will discuss Worrell's case with his new counsel at any time convenient for his new counsel, but has yet to receive any communication from Worrell's new counsel.   The government does continue to communicate with Mr. Stavrou.

700 Stewart Street, Suite 5220
Seattle, WA 98101
(206) 553-4579
william.dreher@usdoj.gov

ALEXIS J. LOEB
Assistant United States Attorney (Detailed)
CA Bar No. 269895
450 Golden Gate Ave., 11th Floor
San Francisco, CA 94102
(415) 436-7168
alexis.loeb@usdoj.gov