UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
WASHINGTON D.C.

UNITED STATES OF AMERICA,
**Plaintiff,**
vs.                                             CASE NO.: 1:2021-CR-00292-RCL-1
CHRISTOPHER J. WORRELL,
**Defendant.**
_____/

## SUPPLEMENT TO DEFENDANT CHRISTOPHER WORREL'S MOTION TO CONTINUE THE TRIAL SCHEDULED FOR DECEMEBR 12, 2022

COMES NOW, the Defendant, by and through the undersigned counsel, pursuant to the Federal Rules of Criminal Procedure, and hereby files this his Supplement to Defendant Chris Worrell's Motion to Continue the Trial Scheduled for December 12, 2022, and hereby states as follows:

1. The parties addressed some of the health concerns of the Defendant at the prior status conference on this cause.

2. At the time, the parties were able to present information from Dr. Eric Reed, the oral surgeon.

3. As previously stated to the Court, the healing process from the serious oral surgery is ongoing, and Worrell will not know the full extent of the process for another sixty to ninety days.

4. On October 14, 2022, the parties appeared before this Honorable Court for a status conference.

5. A that time, the Court inquired about Worrell's medical situation.

6. But due to Hurricane Ian, and its impact on south central Florida, the undersigned could not provide an adequate summary to the Court of the Defendant's current health status.

7. As Naples, Florida and the surrounding areas start the recovery process from

Hurricane Ian, Mr. Worrell was able to pursue additional care.

8. Since the filing of the Motion for a Continuance of the Trial scheduled for December 12, 2022, Mr. Worrell has continued to suffer with ill health.

9. Mr. Worrell went to the emergency room by ambulance on September 21, 2022, and again on October 5, 2022.

10. Both emergency room visits yielded multiday hospital stays. Some of this information was addressed in the undersigned's request for a Continuance at the last status conference.

11. The undersigned notified the Court that Worrell had follow up medical appointments as a result of the hospital stays.

12. As several of those appointments were late this month, and as visits to various providers are ongoing, the undersigned was permitted to advise the Court with any new information.

13. Therefore, the Court has allowed supplementation of the same in regard to Mr. Worrell's ongoing medical conditions. Said Affidavit is provided to the Court and based from Worrell's prior history, recent history, and records from the two emergency room visits/hospital Stays, logs of Worrell's erratic blood pressure and heartrates, and a few medical providers.[1]

14. Attached as Exhibit "A" is an Affidavit summary of Mr. Worrell's ongoing medical conditions, to include summary of the two recent trips to the emergency room and subsequent hospital stays.

15. Said summary (as an Affidavit), was prepared internally, by Eduardo Garrido, Physician Assistant, as providers – quite frankly – would either not render an opinion or did not

---

[1] The records of the two emergency room visits/hospital stays and from the most recent provider will have been presented to the United States at the time of filing of the motion. The undersigned would also submit a copy of the same to the Court immediately upon request.

wish to do so.[2]

16. As the Court is aware, Worrell had surgery for his jaw on September 14, 2022. All parties were aware this surgery might affect the health of Worrell and his ability to aid the defense in preparing his matter for further hearings and/or trial.

17. On September 21, 2022, Worrell was taken by ambulance to the ER for a three day stay.

18. Worrell was found unconscious, unable to be roused, and required immediate ambulance services.

19. On October 5, 2022, Worrell was again transported by ambulance to the ER. He was in the hospital for four days.

20. For the second time, Worrell was found unconscious, unable to be roused, and required immediate ambulance services.

21. The conditions that led to the hospitalizations are unclear at this time, but the summary sheds some needed guidance to the parties and to this Court on Mr. Worrell's ability to be healthy enough for a trial.

22. As a result of the hospitalizations and necessitated follow-ups, Mr. Worrell has been referred to (most importantly) cardiology.

23. Cardiology required Worrell wear a Holter Monitor. This monitor detects the hearts rhythm. He will have this monitor until November 10, 2022. The monitor records data twenty-four hours per day. It is advised for the individual wearing the Holter monitor to avoid metal detectors, microwaves, and frequency waves. This limits Worrell's ability to use his cell phone, as it is recommended the cell phone be at least 6 inches from the monitor.

24. Worrell was also advised not to drive or operate heavy machinery.

---

[2] As the providers work through differential diagnoses, there was apparent reluctance to opine.

25. Mr. Worrell is awaiting appointments with his General Practitioner, his oral surgeon, a cardiologist, and oncology.

26. Eduardo Garrido, physician assistant has opined that Mr. Worrell is not medically able to proceed to trial. Mr. Garrido opines Worrell needs multiple clearances from multiple medical providers prior to any ability to conduct a trial.

27. These include cardiology, oral surgery, oncology, and nuerology.

28. As Worrell's condition is deteriorating, and the cause of the deteriorating condition is unknown, Worrell seeks additional time to perform and hopefully finish medical so that he can medically aid his counsel and perform a trial.

29. A differential diagnosis is a list of possible conditions which share symptoms.

30. As one of a few (ie, there are not exhaustive possibilities) possible differential diagnoses, Eduardo Garrido has opined (and the medical records suggest) the possibility of malignant tumor related and/or spread from his current lymphoma.[3]

31. Worrell, respectfully, requests the Court continue the trial from December 12, 2022, to March of 2023.

32. This additional time period will allow Worrell and medical providers to provide a diagnosis, treat the same, and ensure Worrell is medically able to conduct a trial.

33. Additionally, as the Court may have been made aware, the discovery process in this matter has been ongoing, and there are concerns of receiving large volumes of discovery once the Court has issued pretrial rulings and deadlines.

---

[3] The Court should note Worrell has already "beaten" another form or cancer, prior to his bouts with lymphoma. A tumor on the kidney would cause blood flow issues such that the body would react by increasing heart rate, showing unsafe blood pressure, and causing unconsciousness, of which the records (from the DC Jail to current) indicate multiple incidents of unconsciousness (with injury). The unsafe heart rate could lead to heart issues of an "electrical" nature. It is the unpredictable nature of the current symptoms which causes Mr. Garrido to opine Worrell is not medically able to conduct a trial.

34. Of most recent note is the four terabytes of discovery which was produced in the Oath Keepers trial.

35. As discovery has been ongoing, Worrell seeks additional time to review the same, including any discovery which is produced in his cause.

36. This request is not being filed for the purpose of being unduly burdensome nor for delay.

[This part of page was intentionally left blank]

37. This Motion is filed in good faith.

## CONCLUSION

Based on the foregoing reasons, Mr. Worrell respectfully requests this Honorable Court receive this information, and continue the trial scheduled for December 12, 2022.

*ALEX R. STAVROU, ESQ.*
ALEX R. STAVROU, ESQUIRE
Alex R. Stavrou, P.A.
Physical address:
4908 Busch Blvd, Suite 204
Tampa, Florida 33617
Mailing:
13046 Racetrack Road, #333
Tampa, Florida 33626
Phone: 813-251-1289x1
Fax: 813-489-2528
Florida Bar No. 0108390
Alex@alexstavrou.com

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Continue was sent via ECM filing to the United States Attorney Office (AUSA Will Dreher), and to the Clerk of District Court, on this 31st day of October, 2022.

*ALEX R. STAVROU, ESQ.*
ALEX R. STAVROU, ESQUIRE
Alex R. Stavrou, P.A.
4908 Busch Blvd, Suite 204
Tampa, Florida 33617
Phone: 813-251-1289x1
Fax: 813-489-2528
Florida Bar No. 0108390
Alex@alexstavrou.com

# EXHIBIT "A"

AFFIDAVIT OF EDUARDO GARRIDO, PHYSICIAN ASSISTANT

1. My name is Eduardo Garrido, P.A.

2. I am over the age of eighteen and otherwise competent to render this Affidavit.

3. I am a physician assistant specializing in critical care and emergency medicine since 2001.

4. I am staffed at Alex R. Stavrou, P.A.

5. I have reviewed all the medical records of Christopher Worrell.

6. Mr. Worrell has a history of head and neck cancer with radiation therapy, with oncology, and oral maxillofacial surgery.

7. Previous limited care during incarceration contributed to his status.

8. Mr. Worrell will continue to need follow up care with Oral Maxillofacial Surgery for continued care of the complications of cancer which required bone grafting, pending follow up to determine if the graft is successful.

9. Mr. Worrell was brought to the emergency room on September 22, and stayed in the hospital for four days. He was in an observation room for four days.

10. He had another episode on October 5, 2022 and released on October 7, 2022. Mr. Worrell was taken to the Emergency Room ambulance for uncontrolled blood pressure and recurrent syncope episodes. He was subsequently admitted for three days.

11. The admission yielded inconclusive findings. However, upon review of additional information an ultrasound was noted to have abnormal findings revealed alternations to blood flow to the kidney. Discharge summary stated the need for follow with his specialist for their review.

12. This may be responsible for the erratic blood pressure changes.

13. One possible differential diagnosis is a renal carcinoid tumor, given his extensive cancer history.

14. He is currently under care of a cardiologist, however, he should see an electro-physiologist (in essence, an electrician of the heart) to determine the root cause of paroxysmal atrial tachycardia (in essence, an unexplained, erratic, fast heartbeat which originates of unknown origin).

15. His lymphoma is active, and will require additional oncologic treatment pending his follow-up visit.

16. Mr. Worrell will need to undergo repeated tilt table exam to determine if his body can compensate between changes in blood pressure when sitting, standing, or laying down.

17. Quite often, an admission to the hospital does not reveal the symptoms nor true cause of the emergency which requires medical work up which is pending and ongoing.

18. Given my medical training and expertise, Mr. Worrell has ongoing medical issues which would impair his ability to proceed to trial.

19. At a minimum, he needs clearance from Oral surgery, Oncology, Cardiology and Neurology.

20. Mr. Worrell will have a follow up with cardiology after November 10, 2022. This is an operative date since the heart monitor will have provided thirty (30) days of information of blood pressure and heart rate within which the cardiologist can opine.

21. Under penalty of perjury, the undersigned has read the foregoing Affidavit and the

[this part of page intentionally blank]

facts contained herein are true and correct.

**FURTHER AFFIANT SAYETH NOT.**

Under penalty of perjury, the undersigned has read the foregoing Affidavit and the facts contained herein are true and correct.

**FURTHER AFFIANT SAYETH NOT.**

_____
EDUARDO GARRIDO, P.A.

**VERIFICATION UNDER FLORIDA STATUTES 92.525**
**(No notary required)**

Under penalty of perjury, I declare that I have read the foregoing Affidavit and that the Facts stated herein are true.

_____      10/31/2022
EDUARDO GARRIDO   *Physician Assistant Fl Lic 910325L*

_____
DATE: 02/10/2022