UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
WASHINGTON D.C.

**UNITED STATES OF AMERICA,**
      **Plaintiff,**
vs.                        **CASE NO.: 1:2021-CR-00292-RCL-1**
**CHRISTOPHER J. WORRELL,**
      **Defendant.**
_____/

## DEFENDANT'S MOTION IN LIMINE

Mr. Worrell seeks to prevent the Government from using the following terms : "Rioters," "Breach," "Confrontation," "Police Line," "insurrectionists," "mob." Mr. Worrell also seeks the Government from referencing Mr. Worrell as a "proud boy," utilizing captions on photos, videos, or exhibits referencing the same. In support, he states:

**A. The references to rioters, breach, confrontation, police, mob and/or insurrectionist(s).**

1. Any out-of-court "statement" offered in evidence to prove the truth of the matter asserted is hearsay. Fed. R. Evid. 801(c).

2. The term "statement" includes both oral and written assertions. Fed. R. Evid. 801(a).

3. Hearsay evidence is inadmissible unless authorized by another rule or statute. Fed. R. Evid. 802.

4. "Hearsay is generally inadmissible as evidence because it is considered unreliable." *United States v. Lozado*, 776 F.3d 1119, 1121 (10th Cir. 2015) (*citing*

*Williamson v. United States*, 512 U.S. 594, 598 (1994)).

    5. The Sixth Amendment's Confrontation Clause guarantees a defendant the right "to be confronted with the witnesses against him." U.S. Const. amend VI. The Clause precludes the government from introducing even otherwise admissible hearsay. *Crawford v. Washington*, 541 U.S. 36 (2004).

    6. If these terms are included on a video, photo, or other item of evidence, or referenced, While the time and location of a video recording might not be hearsay or generate a Confrontation Clause problem, statements such as "Rioters Approach," "Breach," "Confrontation," "Police Line," etc. do because they are testimonial.

    7. Opinion testimony is not helpful to the jury, if the opinion is one that the witness is in no better position to render than the jurors themselves. *United States v. Garcia-Ortiz*, 528 F.3d 74, 79–80 (1st Cir. 2008); *United States v. Wantuch*, 525 F.3d 505,514 (7th Cir. 2008).

    8. Nor should opinion testimony usurp the fact-finding role of the jury. *United States v. Garcia*, 413 F.3d 201, 210–11 (2d Cir. 2005); *United States v. Grinage*, 390 F.3d 746, 750–51 (2d Cir. 2004).

**B. The reference to Mr. Worrell being a proud boy, any attempted use by the Government of Worrell's initiation and affiliation with the proud boys**

    The Defendant has reason to believe that the Government may attempt to introduce evidence, make prejudicial statements, or ask prejudicial questions about

the character of the Defendant when character is not in issue and has no relevance to the crimes charged. Under the Federal Rules of Evidence, the Government may not introduce specific instances of character of the Defendant, and it may not introduce any evidence of the character of the Defendant unless Defendant has raised such evidence and it is a "pertinent" trait to the case.  Fed. R. Evid. 404(a)(2)(A) (requiring evidence against victim to be "pertinent"); Fed. R. Evid. 405 (limiting evidence of specific conduct to cases in which character is "an essential element of a charge, claim, or defense"). Here, the character of the defendant from the standpoint of being a proud boy is wholly irrelevant to any of the listed charges and is therefore not "pertinent." Accordingly, the Court should order the Government not to make any statements about the character of the Defendant without leave of the Court, secured outside the presence of the jury.

    Addtionally, said attempted use fails 403 analysis.  The use of this information seeks to inflame the jury, appeal to their emotions, causes undue prejudice to the defendant, confuses or misleads the jury, and impairs the juries ability to render a fair, impartial verdict.  The Government seeks to admit this information to establish the proud boys are a racist, anti-government, anti-law enforcement organization, said information which establishes no motive, and does not aid the Government in proving a single element of any crime charged.  As this evidence is of little relevance to begin with, the danger of its use far outweighs its

probative value.  The evidence is not related to any of the key disputes in this cause, it is not important to resolving an issue in this cause, and the evidence is not needed by the Government to seek to prove any issues in this cause.

### C. The Roger Stone rally

Said attempted use fails 403 analysis.  The use of this information seeks to inflame the jury, appeal to their emotions, causes undue prejudice to the defendant, confuses or misleads the jury, and impairs the juries ability to render a fair, impartial verdict.  The Government seeks to admit this information to establish Stone's position, and to attempt to establish a tie-in to planning the events of January 6, as well as somehow connect attendance at the rally to the proud boys.  Said information which establishes no motive, and does not aid the Government in proving a single element of any crime charged.  As this evidence is of little relevance to begin with, the danger of its use far outweighs its probative value.  The evidence is not related to any of the key disputes in this cause, it is not important to resolving an issue in this cause, and the evidence is not needed by the Government to seek to prove any issues in this cause.

### C. Worrell's conduct during his arrest on March 12, 2021

Any reference to Worrell avoiding arrest, that returning home rather to an FBI field office to be arrested, and obstructing justice fails 403 Analysis and is more prejudicial than probative.  Any reference to obstructing justice calls for a

legal conclusion, and insinuates to the jury Worrell committed other uncharged criminal conduct.  Additionally, Any communications with the two referenced individuals allegedly discussing the same alludes to inadmissible hearsay, and violates Worrell's rights of confrontation of the witnesses stating the same.

### D. Worrell's conduct and statements about witnesses

Any statements concerning witnesses and their use at trial fails 403 analysis.  The use of this information seeks to inflame the jury, appeal to their emotions, causes undue prejudice to the defendant, confuses or misleads the jury, and impairs the juries ability to render a fair, impartial verdict.  The Government seeks to admit this information to show consciousness of guilt, as well as – again – to connect the proud boys to the respective behavior.  Said information which establishes no motive, and does not aid the Government in proving a single element of any crime charged.  As this evidence is of little relevance to begin with, the danger of its use far outweighs its probative value.  The evidence is not related to any of the key disputes in this cause, it is not important to resolving an issue in this cause, and the evidence is not needed by the Government to seek to prove any issues in this cause.

## **CONCLUSION**

Based on the foregoing reasons, Mr. Worrell respectfully requests this Honorable Court Grant this Motion in Limine and Grant any and all other relief deemed equitable and fair by this Honorable Court.

*ALEX R. STAVROU, ESQ.*
ALEX R. STAVROU, ESQUIRE
Alex R. Stavrou, P.A.
Physical address:
4908 Busch Blvd, Suite 204
Tampa, Florida 33617
Mailing:
13046 Racetrack Road, #333
Tampa, Florida 33626
Phone:        813-251-1289x1
Fax: 813-489-2528
Florida Bar No. 0108390
Alex@alexstavrou.com

## **Certificate of Service**

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Continue was sent via ECM filing to the United States Attorney Office (AUSA Will Dreher), and to the Clerk of District Court, on this 7th day of November, 2022.

*ALEX R. STAVROU, ESQ.*
ALEX R. STAVROU, ESQUIRE
Alex R. Stavrou, P.A.
4908 Busch Blvd, Suite 204
Tampa, Florida 33617
Phone:        813-251-1289x1
Fax: 813-489-2528
Florida Bar No. 0108390
Alex@alexstavrou.com