UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
WASHINGTON D.C.

**UNITED STATES OF AMERICA,**
      **Plaintiff,**
vs.                                              CASE NO.: 1:2021-CR-00292-RCL-1
**CHRISTOPHER J. WORRELL,**
      **Defendant.**
_____/

## CHRISTOPHER WORRELL'S RESPONSE TO GOVERNMENT'S RESPONSE TO DEFENDANT CHRISTOPHER WORREL'S SUPPLMENT TO MOTION TO CONTINUE THE TRIAL SCHEDULED FOR DECEMEBR 12, 2022

COMES NOW, the Defendant, by and through the undersigned counsel, pursuant to the Federal Rules of Criminal Procedure, and hereby files this Response to the Governments Response to Christopher Worrell's Supplement to his Motion to Continue the Trial Scheduled for December 12, 2022, and hereby states as follows:

1. The parties addressed the health concerns of the Defendant at the prior status conference on this cause.

2. At the time, the parties were able to present information from Dr. Eric Reed, the oral surgeon.

3. As previously stated to the Court, the healing process from the serious oral surgery is ongoing, and Worrell will not know the full extent of the process for another sixty to ninety days.

4. On October 14, 2022, the parties appeared before this Honorable Court for a status conference.

5. A that time, the Court inquired about Worrell's medical situation.

6. Since the filing of the Motion for a Continuance of the Trial scheduled for December 12, 2022, Mr. Worrell has continued to suffer with ill health, said care and treatment made more

difficult due to Hurricane Ian and its after affects.

7. Eduardo Garrido, physician assistant has opined that Mr. Worrell is not medically able to proceed to trial. Mr. Garrido opines Worrell needs multiple clearances from multiple medical providers prior to any ability to conduct a trial.

8. These include cardiology, oral surgery, oncology, and nuerology.

9. As Worrell's condition is deteriorating, and the causes of the deteriorating conditions are unknown (other than the known cancer and oral surgery), Worrell seeks additional time to perform and hopefully finish the necessary medical evaluations, so that he can be placed into a better condition to aid his counsel and perform a trial.

10. Christopher Worrell would like to address some statements made by the Government in its Response (Docket Entry 176).

11. The Government proceeds under a theory the Defendant has raised that Worrell is incompetent to stand trial. And additionally, indicates the only opinion of the same is from a "…hired…non-treating, non-independent physician assistant…hired to prepare this Affidavit for litigation."

12. Eduardo Garrido, P.A., is an employee of the undersigned's office tasked with summarizing the records, consulting in regard to medical conditions, and opining based on the same summations as to Worrell's ability to proceed to trial.

13. As previously indicated, the basis for this summary was to aid the Court with a summation of medical conditions (and records from those conditions) because the new specialists would not opine at this time.

14. The basis for their lack of "opinion," had nothing to do with their declination to do so, and simply because they are working through various differential diagnoses and did not wish to

render an opinion that was -- at this time -- speculative.[1]

15. Mr. Worrell suffers from and continues to suffer from cancer. This is Chris Worrell's third bout with cancer, having beaten a different cancer in 2007 (squamous cell carcinoma), suffering from the current cancer (non-Hodgkin's Lymphoma) for the second time.[2]

16. The notion of the "active skin disease" is important because it signifies, or indicates, at what stage his current lymphoma may be or is. Active skin diseases indicative of stage 2 or stage 3 when discussing lymphoma.

17. Mr. Worrell, as late as October 6, 2022 (while in the Emergency Room), contacted his treating oncologist to discuss the lesions, "the itching of his head, face, and sometimes arms & face." This call was prompted by his asking the ER nurse who suggested he call his treating Oncologist office.

18. The skin disease complaints continued as Chris Worrell complained on October 27, 2022, and Worrell's medical inquiry about the same.

19. In reference to [verbal] communication, the undersigned submits Worrell – at this time – can verbally communicate, and any fears that he would be unable to do so pending long term recovery, have subsided. The undersigned submits there was a period of time wherein this was the case, and that unless some new related, relevant concern were to arise, the undersigned now does not consider the same concern a factor this Court should consider.

20. Chris Worrell clearly suffers from cancer and has received chemotherapy for the same. Ongoing chemotherapy is required.

21. Additionally, the sycopal (fainting) episodes are not an isolated few incidents that "happened" in late September and October of 2022. The Court has additional syncopal episodes,

---

[1] This Honorable Court should note, several differential diagnoses are suggested, hence the requirements for follow ups by Worrell for oncology, cardiology, neurology, general practice
[2] Several physicians, including prior DC jail physicians, indicated Worrell has a rare case of non-hodgkins lymphoma

ill treated by the DC Jail and the DC Jail's outside medical.

22. As the Court reviews the whole of Worrell's medical history while in custody as well as the treatment received while on pretrial release, one cannot ignore the part of the whole which was his negligent care while in custody. It is clear that the lack of care and the investigation of Worrell's symptoms while in custody was so woefully deficient that it has unequivocally contributed to the issues he is facing today.

23. The Government contends Worrell is to blame, which is clearly and erroneously misplaced. Worrell's lack of immediate care upon release dealt with issues such as availability of care, availability of chemotherapy drugs, lack of insurance and loss of prior insurance, and the means to pay for all the same.[3]

24. The "rally" in question has already been discussed, and any Government attempt to characterize the matter as a Proud Boys rally also fails. Federal Detainee Jeremy Brown was having a Republican fundraiser at the jail, and Worrell was also requested to visit with additional counsel at the same event.

25. Any attempt to dispute the current medical opinion(s) should be rebuked. Chris Worrell and his counsels have already advised the Court that due to Hurricane Ian and the widespread damage caused, Worrell was having issues seeking follow up testing and care, and that medical offices were woefully behind due to the same.

DISCUSSION

The undersigned concurs that the only relevant question at this moment is whether Mr. Worrell is physically competent to stand trial – capable of sitting and listening to testimony

---

[3] A review of the oncology records shows the Court that even when the chemotherapy drug was received in early to mid April of 2022, the batch was defective due to lack of temperature control, and Worrell had to wait for a new batch.

during a 5-7 day trial, and able to assist in his defense and/or testifying.

In *United States v. Saltzman,* F.Supp.3d 245 (D.C. Circuit 2016), the Court discussed whether a severance or continuance was proper when a health condition may impair a Defendant's ability to participate in his defense. The Court stated,

> "There us "no all inclusive checklist of the factors which bear on such a determination. Zannino, 895 F.2d at 14. But when a defendant makes a "colorable claim of medical dangerousness, the Court should investigate the situation, assemble the pertinent data, And then consider not only the medical evidence but also the defendant's activities (in the courtroom and outside it), the steps the defendant is taking (or neglecting to take) to improve his health, and the measures which can feasibly be implemented to reduce medical risks. ... [T]he judge must [then] weigh the foreseeable risks against the demonstrable public interest, taking into account factors such as the severity of the charges and the extent of the government's interest in trying the defendant. If the perceived risks overbalance the perceived benefits, a continuance must be granted.

To analyze whether an impending trial poses a substantial danger to a defendant's health, courts have examined several factors, including: "medical evidence; Defendant's activities outside the courthouse; 3. Measures to minimize the risks to the defendant's health; 4. Usefulness of the delay; and 5. Seriousness of the case," with the last factor having been interpreted to mean "the degree of loss or injury to the public interest deemed to result from delay or total preclusion of a trial." *United States v. Jones*, 876 F.Supp 395, 397 (N.D.N.Y 1995)(citing *United States v. Doran*, 328 F.Supp 1261, 1263 (S.D.N.Y. 1971); *Saltzman*, 153 F. Supp. At 250 (stating similar factors); *United States v. Zannino*, 895 F.2d 1, 14 (1st Cir. 1990)(quoted by *Salzman*, and stating similar factors); *United States v. Brown*, 821 F.2d 986, 988 (4th Cir. 1987).

A review of the factors substantiates that this Court should grant the Defendant's request for a continuance. Worrell reviews the factors below:

**1. Medical Evidence.** The medical evidence substantiates Stage 3 cancer, the need for continuing chemotherapy, additional follow-up with the general practitioner, the oncologist, neurology, and cardiology. Additionally, this is Worrell's (at least) fourth bout of

syncope.  The Court has been advised that numerous specialists are in the process of working through the possible differential diagnoses, to include the spreading of the cancer to other organs and portions of the body (the kidney's at a minimum).  The concerns of blood flow issues with the kidney(s) is simple.  Any hormonal caused (stress) increase in blood flow (through a blocked or partially blocked kidney) would cause an abnormal, excessive spike in blood pressure, and either a cardio issue or a syncope episode.

The undersigned is aware the record may lack an "opinion" from a treating physician, but the explanation for the same is quite clear.  Negligent care by the jail, additional hardships caused by Hurricane Ian, and the need to work through differential diagnoses have contributed to this delay, and if the Court believes treating physician expert opinion information is required (above and beyond what has been presented), this Honorable Court would have to allocate the time to allow Worrell to do so.  This factor necessitates a continuance, if not to receive better expert opinions from treating physicians.

**Dental treatment.**  The undersigned wishes to remind the Court Worrell needs an additional procedure to complete the dental condition, but as stated supra, Worrell is currently able to communicate verbally.

**Syncope.**  Worrell had two ignored syncope's at the DC Jail, and two additional syncope's in September and October of 2022 respectively.  Worrell is pending medical appointments to work through the possible differential diagnoses.  Worrell is currently on a monitor which yields its results on November 21, 2022.

**Cancer.**  This has been addressed supra.  Worrell is suffering from cancer and will need at a minimum, another round of chemotherapy.

2. **Defendant's activities outside the courthouse.**  The Government opines that an

outside visit in April of 2022, and an outside visit in July of 2022 "cuts against continuance." This is clearly wishful thinking. Worrell was medically ordered not to drive and not to be alone for long periods of time. Worrell has not had outside activities in almost five months. Worrell now has an inability to visit in person with the undersigned. This factor favors a continuance.

      3.   **Measure to minimize the risks to defendant's health.** While Court's have found "Court schedules can be modified," these modifications would only serve to lengthen proceedings, and do so at an inopportune time of the year for fourteen jurors.

      4.   **The seriousness of the case.** Speedy trial has been waived by both Defendants. Both Defendants are out of custody. Worrell is gravely ill. Only a pittance of Defendant's compared to the number of indictments have proceeded to trial or other final resolution. Related to these (the Jan 6) cases, are issues of arguably first impression on appeal to the District of Columbia Court of Appeals which would have a bearing on hundreds of Jan 6 defendants. The Government states it is prejudiced by attempts at public attention. Worrell hasn't been in public in at least five months. The Government asserts this cause requires a trial because this matter was a riot, involving an alleged assault of an officer, and he was a proud boy. In so doing, the Government neglects to state there were hundreds of thousands of people there peacefully protesting at the "riot," who committed no crimes, who did not interfere in anyone else's right to peacefully assemble and protest, who were not indicted. There is no evidence Worrell "assaulted" a law enforcement officer, and that his status as a proud boy is irrelevant to this factor. There is nothing about those three factors stated by the Government that take this case out of the "heartland," and make it something than it really is, a simple battery allegation against a unidentified or non-existent law enforcement officer. Continuing the trial for medical reasons does not prejudice the public nor Government in this cause.

5. **Usefulness of postponement.** Worrell is entitled to participate in his defense and to do so in full health. A review of the five factors assessed indicates this matter should be continued so that Worrell can participate in and aid his defense. Worrell is gravely ill, and still seeing new and additional specialists to determine his conditions. Chris Worrell is not mentally and physically able to proceed to trial and this Court should opine the same and continue this cause.

## CONCLUSION

Based on the foregoing reasons, Mr. Worrell respectfully requests this Honorable Court receive this information, and continue the trial scheduled for December 12, 2022.

*ALEX R. STAVROU, ESQ.*
ALEX R. STAVROU, ESQUIRE
Alex R. Stavrou, P.A.
Physical address:
4908 Busch Blvd, Suite 204
Tampa, Florida 33617
Mailing:
13046 Racetrack Road, #333
Tampa, Florida 33626
Phone: 813-251-1289x1
Fax: 813-489-2528
Florida Bar No. 0108390
Alex@alexstavrou.com

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Continue was sent via ECM filing to the United States Attorney Office (AUSA Will Dreher), and to the Clerk of District Court, on this 14th day of November, 2022.

*ALEX R. STAVROU, ESQ.*
ALEX R. STAVROU, ESQUIRE
Alex R. Stavrou, P.A.
4908 Busch Blvd, Suite 204
Tampa, Florida 33617
Phone: 813-251-1289x1
Fax: 813-489-2528
Florida Bar No. 0108390
Alex@alexstavrou.com