IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Case No: 21-CR-292 RCL |
| : | |
| CHRISTOPHER WORRELL, : | |
| : | |
| Defendant. : | |

**RESPONSE TO DEFENDANT WORRELL'S MEDICAL UPDATE**

On November 15, 2022, this Court "reluctantly vacate[d]" defendant Christopher Worrell's December 12, 2022 trial date after Worrell asserted that he was physically incompetent to stand trial. Dkt. 185 at 1. The Court required that Worrell file a detailed medical update on December 1, 2022, and suggested that it would at some point thereafter set a new trial date. *Id.* at 1-2. Worrell filed his update, under seal, on November 30, 2022. Dkt. 188.[1] After reviewing Worrell's medical update, the government respectfully requests that the Court set trial in this matter in February 2023, or as soon thereafter as the Court's schedule permits. Of the dates in February, the week of February 13, 2023 is the best available for the government.

Worrell's update provides no new medical information indicating that he is physically incapable of standing trial. No doctor opines that he is. And the content of Worrell's filing suggests his condition is less of an emergency than he claimed in late October. Given that his claim of physical incompetency was inadequately substantiated even back then, there is no reason to further delay the trial beyond February 2023.

First, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Dkt. 188 at 2; Dkt. 185

---

[1] The government does not have stamped copies of Worrell's filing, so does not know how the attached medical records were labeled (e.g., as "Exhibit A"). The government therefore has re-attached them to this filing as exhibits.

1

at 1-2 (requiring descriptions of appointments). If nothing else, this tends to corroborate the government's inference from his records that Worrell's doctors may view his two conditions (fainting and cancer[2]) as serious, but apparently do not view them as emergencies of the type that could preclude Worrell from physically standing trial. ▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆ without further explanation, tends to indicate that his condition is not so fragile that he needs to be cleared by a cardiologist prior to participating in a week-long trial.

Second, ▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆, leaving his oncologist's October 27 report as the latest on that. That report stated that Worrell was fine to be seen for follow-up at some point in 2023. *See* Dkt. 176, Ex. C at 4.

Third, Worrell's three new medical records, if anything, further weaken his claim that he is medically unable to stand trial. ▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆ That same day, his oncologist stated that Worrell's "labs" from his hospital visit were "unremarkable." Dkt. 176, Ex. C at 2. Given the lack of any documented concern about ▆▆▆▆▆▆▆▆ from his oncologist over the last month, and the lack of any explanation as to their significance in Worrell's filing, the results do not support the idea that Worrell cannot stand trial.

The second record is ▆▆▆▆▆▆▆▆▆▆▆▆

---

[2] In his November 14 filing, after the government uncovered that Worrell's records indicated he was able to verbally communicate within days of his jaw surgery, Dkt. 176 at 2-3, Worrell agreed that his jaw surgery is no longer a basis for continuing the trial. *See* Dkt. 183 at ¶ 19.

██████████████████████████████████████████████████████████████████

████████████ *See* Ex. B at 1.  The government can only assume this was routine, ████████████ ██████████████████████████████.  Indeed, the oncologist anticipated in October such skin spots could arise and be treated by medication, and nonetheless set follow-up for next year.  Dkt. 176, Ex. C at 3-4.  Moreover, this correspondence is notable for what it lacks: ████████████ ████████████████████████████████████████████████████████████████████ ██████████████████████████████.  *See* Dkt. 175, Ex. A ¶¶ 11-13; Dkt. 176 at 11-12 (explaining that Worrell's treating physicians had, seemingly contrary to Worrell's kidney concerns, concluded that his kidney laboratory results were unremarkable).

Attached to the same correspondence is ████████████████████████████ ██████████████████████.  Ex. B at 2.  ████████████████████████████████ ████████ again if anything undercutting the idea that this is an emergency that requires immediate medical intervention precluding a trial.  *Id.*  With respect to his syncopal episodes, the government recently, by chance, ran across an older medical record contained within Worrell's personal medical records provided to the D.C. Jail last year.  That record indicates ████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████  If the ████████████████████████ did not concern him enough to preclude

---

[3] *See, e.g.*, https://www.medicinenet.com/wnl/definition.htm; https://medical-dictionary.thefreedictionary.com/WNL.

him from coming to Washington, D.C. in December 2020 and January 6, 2021, to engage in street rallies and confrontations with law enforcement, his more recent episodes should not preclude him from coming to Washington, D.C. to sit through trial for some of that alleged misconduct.

The third medical record is ▮▮▮▮▮▮▮▮▮▮.[4] Ex. C. ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮ Just a month ago, Worrell submitted a filing asserting he would "need to undergo repeated tilt table exam" to determine if he could handle the blood pressure changes just from standing up or lying down. Dkt. 175 at 9-10. Now he has submitted a report opining ▮▮▮▮▮▮▮▮▮▮. The government respectfully submits that indicates a defendant who is physically able to stand trial.

Apart from those medical issues, the government has previously explained why the other factors relevant to a continuance due to physical incompetency—Worrell's activities outside the

courthouse, measures to minimize the risks to his health, the usefulness of a postponement, and the seriousness of the case—cut against any further continuance. *See* Dkt. 176 at 12-14. Mr. Worrell continues to draw public attention to his case, heightening the public's and government's interest in a speedy trial.[5]

Only one other new fact bears mention. Worrell has had additional counsel, William Shipley, enter an appearance on his behalf. Worrell has apparently decided to ask his longtime counsel Mr. Stavrou to withdraw, despite his impending trial date. This late attempt to again change the composition of his legal team should not prevent the Court from setting a February trial. As before, *see* Dkt. 165, the factors set forth in *United States v. Burton*, 584 F.2d 485, 489 (D.C. Cir. 1978) would not favor a later trial date. "[O]ther continuances have been requested and granted"; indeed, the Court already set the trial date for December 2022 rather than September 2022, and then vacated the December trial date, at Worrell's request. *Burton*, 584 F.2d at 490. As to the "inconvenience to the . . . witnesses, counsel, and the court," *id.*, a later trial date threatens to interrupt the government's ongoing witness preparation and further interfere with witnesses' recall due to the passage of time. Whether or not the Court grants Mr. Stavrou's motion to withdraw,[6] Worrell has "other competent counsel prepared to try the case," *id.* at 491, Joseph Allen, who has been working with Worrell and Mr. Stavrou since September. Mr. Shipley would be Mr. Worrell's fourth attorney. *See id.* at 492 ("[O]nly a slight inconvenience or delay may be sufficient grounds for rejecting defendant's request for a continuance to enable him to retain an additional counsel in a simple case where he has already retained three or four other attorneys.").

---

[5] For example, Worrell's third-party custodian recently appeared on a Fox News program to discuss his medical conditions and treatment in jail, referring to him and others as "political prisoners." *See Fiancée of Jan. 6 defendant reportedly denied cancer treatment speaks out*, https://www.foxnews.com/video/6315989806112 (Nov. 21, 2022).

[6] The Court could also wait to decide Mr. Stavrou's motion until after a hearing with Worrell's new counsel to discuss trial availability.

Finally, Mr. Shipley is the attorney of record in numerous other cases arising from the events of January 6, 2021 (including at least one case that has proceeded to trial on similar charges, *United States v. David Mehaffie*, No. 21-cr-70-7 (TNM)). He is thus familiar with the "global discovery" provided in all such cases, and with the common legal and factual issues arising in cases relating to the Capitol attack. And Mr. Shipley's associate, Ryan Marshall, was also the associate on Mr. Worrell's case for roughly six months in 2021, when Mr. Marshall worked with Worrell's then-counsel John Pierce. Mr. Marshall is thus intimately familiar with the facts of this case and much of the case-specific discovery. Given that Mr. Shipley must get up to speed only on Mr. Worrell's particular charged misconduct, with the assistance of his associate, a trial date in February—roughly 70 days away, the standard time provided in the Speedy Trial Act—will provide Mr. Shipley more than enough time to prepare alongside Mr. Allen.

Finally, setting a trial date now, rather than waiting for the January 1, 2022 update, will provide greater notice to Worrell's defense counsel, permitting them ample time to prepare. It will also permit the government to provide advance notice to its witnesses, including two out-of-state civilian witnesses who have to travel to Washington, D.C., a civilian witness from the legislative branch, and multiple out-of-state law enforcement witnesses.

Respectfully submitted,

*/s/ William Dreher*
WILLIAM DREHER
D.C. Bar No. 1033828
Assistant United States Attorney (Detailed)
700 Stewart Street, Suite 5220
Seattle, WA 98101
(206) 553-4579
william.dreher@usdoj.gov

ALEXIS J. LOEB
Assistant United States Attorney (Detailed)

CA Bar No. 269895
450 Golden Gate Ave., 11th Floor
San Francisco, CA 94102
(415) 436-7168
alexis.loeb@usdoj.gov