IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Case No: 21-CR-292 RCL |
| : | |
| CHRISTOPHER WORRELL, : | |
| : | |
| **Defendant.** : | |

**RESPONSE TO DEFENDANT WORRELL'S MOTION TO VACATE TRIAL DATE**

On November 15, 2022, this Court "reluctantly vacate[d]" defendant Christopher Worrell's December 12, 2022 trial date after Worrell asserted that he was physically incompetent to stand trial. Dkt. 185 at 1. In an October 31, 2022 supplement to his motion to continue, Worrell had requested a trial date in "March of 2023." Dkt. 175 at 4 ¶ 31. The Court required that Worrell file a detailed medical update on December 1, 2022, and each month thereafter, and suggested that it would set a new trial date based on those filings. *Id.* at 1-2. Worrell then substituted in new counsel, William Shipley, bringing a fourth lead attorney onto his case just three months before his requested trial date of March 2023.

On December 2, 2022, the government responded to Worrell's December 1, 2022 medical update by requesting "that the Court set trial in this matter in February 2023, or as soon thereafter as the Court's schedule permits," noting that "the week of February 13, 2023 is the best available for the government." Dkt. 189 at 1. On January 4, 2023, this Court noted that Worrell's January 1, 2023 medical update had not demonstrated that he was unable to stand trial, and had not responded to the government's suggestion of a February 13, 2023 trial date. The Court therefore set a trial date of February 13, 2023.

Worrell now moves to vacate the February 13 trial date. Dkt. 200. For the reasons given

1

below, if the Court is inclined to move the February 13 trial date, the government respectfully requests a trial date of March 6, 2023 or March 13, 2023, with the latter perhaps preferable as it is available for both of Worrell's counsel. After March 2023, it would appear that September 2023 is the next time both of Worrell's counsel would be currently available for trial—assuming that it were necessary to accommodate both counsel. There is no need nor cause for such a lengthy continuance.

From defense counsel, the government understands that William Shipley is lead counsel for Worrell and will be lead trial counsel. Mr. Shipley represents that he is currently in a trial expected to last through the week of January 23, with jury deliberations continuing into the week of January 30. *Id.* at 2. Yesterday, as Worrell's motion suggested would occur, Mr. Shipley's February 6 trial date in *U.S. v. Muntzer* before Judge Cobb was vacated to a date to be set later. *See* January 9, 2023 Minute Order, *U.S. v. Muntzer*, 21-CR-105. As a result, Mr. Shipley is not in trial in February until a civil trial on February 27. However, Mr. Shipley represents that because he is in trial through the end of January and joined the case in November, he cannot be adequately prepared for a February 13 trial date. Mr. Shipley also notes that he has a civil trial scheduled for March 28, and that he then enters a four-month trial on April 17. Although it was not noted in Mr. Shipley's motion, the government also understood from its conversation with defense counsel that Mr. Shipley had another criminal trial in this district on March 20, 2023 (*United States v. Bozell IV*, 21-cr-216, before Judge Bates), but that Judge Bates had scheduled a backup trial date in that matter, and that that trial date may move.

Mr. Shipley thus appears to be available the weeks of March 6 and March 13, and the government's understanding from its discussion with defense counsel last week is that these dates would provide Mr. Shipley sufficient time to prepare for trial in this case.

Mr. Allen is also counsel for Worrell. He represents that he is not available for a 5-day trial in February, and only available in March from March 13-17, 2023. Dkt. 199-1. However, Worrell requested a March 2023 trial date when Mr. Allen was his counsel. Setting a March 2023 trial date would thus only give Worrell the relief he sought in his motion to continue. And, as noted above, his lead counsel—an experienced federal criminal practitioner—should be available on either March 6 or March 13.

Looking at the Court's public trial calendar, the government believes the Court may have availability for a jury trial the weeks of March 6 and March 13, 2023, when either Mr. Shipley or both he and Mr. Allen are available, and when all counsel will have had at least a month to prepare.

In sum, if based on defense counsel's representations the Court is inclined to move the February 13 trial date, the government would respectfully request a trial date of March 6, 2023 or March 13, 2023. It appears both of Worrell's counsel are available the week of March 13, 2023, so all else equal, that date may be preferable.[1]

Although Mr. Worrell's motion to vacate mentions the setting of a new motions deadline,

---

[1] The government is unaware of precedent in the D.C. Circuit establishing that a defendant has a right to a secondary counsel of choice under the Sixth Amendment. But some courts have suggested or held that such a right exists, such that even if only *secondary* counsel is unavailable on a trial date, the court must still balance the defendant's right to counsel of choice against the court's calendar and the government's and public's interest in a speedy trial. *See, e.g.*, *United States v. Parlato*, 538 F. Supp. 3d 286, 289-93 (W.D.N.Y. 2021) (granting a "very close call" continuance on that basis). Unlike in *Parlato*, however, the case for rearranging a trial for secondary counsel's schedule is not compelling here. The trial is expected to last one week (not eight as in *Parlato*, *id.* at 291); is straightforward, not complex, *id.*; Mr. Allen's conflicts in March 2023 may not be as unresolvable as the secondary counsel's three-month trial in *Parlato*, *id.*; and unlike in *Parlato*, March 2023 is the month in which Worrell requested a trial date, and any counsel conflicts are not due to a factor beyond counsel's control, like "the backlog of criminal trials caused by the COVID-19 pandemic" at issue in *Parlato*, *id.* at 292. Regardless of whether a right to secondary counsel of choice exists, a district court is afforded "a great deal of latitude in scheduling trials," *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983), and ultimately, "only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to the assistance of counsel," *id.*

both the pretrial motions and motions in limine deadlines have passed in this case. There is no need for a new motions deadline.

Respectfully submitted,

/s/ *William Dreher*
WILLIAM DREHER
D.C. Bar No. 1033828
Assistant United States Attorney (Detailed)
700 Stewart Street, Suite 5220
Seattle, WA 98101
(206) 553-4579
william.dreher@usdoj.gov

ALEXIS J. LOEB
Assistant United States Attorney (Detailed)
CA Bar No. 269895
450 Golden Gate Ave., 11th Floor
San Francisco, CA 94102
(415) 436-7168
alexis.loeb@usdoj.gov