UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

CHRISTOPHER WORRELL,

   *Defendant*.

Case No. 1:21-CR-292-1-RCL

## ORDER

On 1/26/2023, Attorney Joseph W. Allen, who represents the defendant, Christopher Worrell, moved to withdraw as counsel in this matter. Mot. to Withdraw, ECF No. 205. Attorney Allen argues that this withdrawal should be granted because an additional attorney representing Mr. Worrell, William Shipley, would be available for the trial. *Id.* Furthermore, Attorney Allen represents that he "has been kept in the dark by both the Defendant and co-counsel as to any preparations for trial as well as remaining uninformed and unapprised of any actions taken on Defendant's behalf by co-counsel." *Id.* The Court **DENIES** Attorney Allen's motion pursuant to Local Rule 44.5(d).

"The Court may deny a motion to withdraw if the attorney's withdrawal would unduly delay trial of the case or be unfairly prejudicial to any party, or otherwise not be in the interests of justice." Local Rule 44.5(d). Granting the motion here is necessary to ensure that trial, which has already been postponed before, is not unduly delayed. Furthermore, it would otherwise not be in the interests of justice to grant the motion for the reasons that follow.

Earlier this month, the Court permitted a different counsel for Christopher Worrell, Alex Reed Stavrou, Sr., to withdraw as counsel.[1] Minute Order (1/4/2023); Order ("Order Continuing

---

[1] Attorney Stavrou had, in turn, replaced an earlier counsel, John Pierce. Order, ECF No. 102.

1

Trial"), ECF No. 202.  The Court also set a 2/13/2023 trial date based on the government's request for that date, which the defense did not previously oppose.  Order, ECF No. 197.  Immediately after these actions, a member of Attorney Shipley's staff emailed this Court and represented that Attorney Shipley and Attorney Allen were unavailable to try a case during the week of 2/13/2023 due to other court matters and requested that the trial date be continued.  Order, ECF No. 198.  The Court then ordered both attorneys to provide the details of their conflicts.  *Id.*  Attorney Allen stated in a filing that he would be available for a 3/13/2023 trial date.  ECF No. 199-1.  The Court concluded that Attorney Shipley would also be available for trial that week based on his representations to this Court regarding his other engagements as well as his conversations with government counsel.  Order Continuing Trial; ECF No. 199; ECF No. 200.

The Court concludes that allowing Attorney Allen to withdraw would likely result in a further, undue, delay in the trial date.  Indeed, that is precisely what happened the last time the Court permitted a defense attorney for Mr. Worrell to withdraw.  The current trial date, now a little more than a month away, was set based in part on Attorney Allen's representation that he would be available.  Attorney Shipley, on the other hand, has still not represented on the record that he will be ready for the current trial date.  And he asserted only a few weeks ago that his recent appearance in this matter (11/22/2022), along with his other work, mean he has "had no time to review any discovery or the facts of the case."  ECF No. 200.  What this Court will not allow is withdrawal by Attorney Allen, followed by Attorney Shipley representing that he cannot adequately represent Mr. Worrell on 3/13/2023 alone.  Courts in this District have been faced with such situations before.  *See, e.g.*, *United States v. Bailey*, No. 19-cr-0156 (CKK), 2021 WL 5798045, at *1–5 (D.D.C. Dec. 7, 2021) (making the "difficult choice to grant [a] Motion to Withdraw" on the eve of a fifth trial date because defense counsel's utter lack of preparation

2

threatened "a 'complete denial of counsel'" (citation omitted)). Though the Court is mindful of Attorney Allen's alleged challenges communicating with his co-counsel and client, it will not grant his motion pursuant to Local Rule 44.5(d).

Given the circumstances of this case, there is a substantial risk that permitting withdrawal would unduly delay trial. Additionally, such a withdrawal is not in the interests of justice. Consequently, the Court **ORDERS** that Attorney Allen's motion to withdraw be **DENIED**.

**IT IS SO ORDERED.**

Date: January 31, 2022

/s/ Royce C. Lamberth
Royce C. Lamberth
United States District Judge