UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>**CHRISTOPHER WORRELL,**<br><br>*Defendant.* | Case No. 1:21-CR-292-1-RCL |

## MEMORANDUM ORDER

Defendant Christopher Worrell was indicted based on his alleged participation in the protest and riot that resulted in the January 6, 2021 breach of the United States Capitol. *See United States v. Worrell*, No. 1:21-cr-00292 (RCL), 2021 WL 2366934, at *1 (D.D.C. June 9, 2021), *appeal dismissed,* No. 21-3040, 2021 WL 4765445 (D.C. Cir. Sept. 15, 2021). Following a Pretrial Conference and Motions Hearing, the Court now resolves his two outstanding, almost identical, motions to dismiss. *Compare* Mot. Dismiss, ECF No. 45 *with* Second Mot. Dismiss, ECF No. 162.[1] Both motions challenge his indictment for the same three reasons: (1) lack of specificity rendering the indictment impermissibly vague; (2) failure to state an offense for several counts because pepper spray gel is not a dangerous weapon; and (3) multiplicity as to several charges in the indictment. *See* Mot. Dismiss; Reply in Supp. Mot. Dismiss, ECF No. 62; Second Mot. Dismiss. The government responded to both. First USA's Opp'n, ECF No. 51; Second USA's Opp'n, ECF No. 166. Mr. Worrell's motions are without merit and the Court therefore **DENIES** them.

---

[1] The first motion was filed prior to the most recent superseding indictment, Second Superseding Indictment, ECF No. 147, and the second motion to dismiss was filed after the Second Superseding Indictment.

1

## I. LEGAL STANDARD

Under Federal Rule of Criminal Procedure 12, a defendant may move to dismiss an indictment or the count of an indictment before trial. When considering a motion to dismiss, the court "is limited to reviewing the face of the indictment." *United States v. Sunia*, 643 F. Supp. 2d 51, 60 (D.D.C. 2009) (emphasis and citation omitted). "[T]he indictment must be viewed as a whole and the allegations must be accepted as true." *United States v. Bowdoin*, 770 F. Supp. 2d 142, 145 (D.D.C. 2011). The Court "may not dismiss an indictment on a determination of facts that should have been developed at trial." *Sunia*, 643 F. Supp. 2d at 60 (quoting *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006)).

## II. DISCUSSION

### A. The Indictment is Sufficiently Specific

For his challenge on specificity, Mr. Worrell relies on Federal Rule of Criminal Procedure 7, the Fifth Amendment, and the Sixth Amendment. *See* Second Mot. Dismiss 7. None provide a reason to dismiss a count of his indictment.

Under Rule 7, "[t]he indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . [a] count may incorporate by reference an allegation made in another count . . . [a] count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means." Fed. R. Crim. P. 7(c)(1). For the Fifth and Sixth Amendments, an indictment is sufficient when it does two things. "[F]irst, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974); *see United States v. Sargent*, No. 21-cr-00258

(TFH), 2022 WL 1124817, at *2 (D.D.C. Apr. 14, 2022) (applying that standard to reject a specificity challenge to an indictment similar to the one in this case).

"[T]he validity of an indictment 'is not a question of whether it could have been more definite and certain.'" *United States v. Verrusio*, 762 F.3d 1, 13 (D.C. Cir. 2014) (quoting *United States v. Debrow*, 346 U.S. 374, 378 (1953)). It is sufficient if it "inform[s] the defendant of the precise offense of which he is accused so that he may prepare his defense and plead double jeopardy in any further prosecution for the same offense." *Id.* "The question, then, is whether the allegations, if proven, would be sufficient to permit a jury to find that the crimes charged were committed." *Bowdoin*, 770 F. Supp. 2d at 146. It is only where "the very core of criminality under" a statute is "a specific identification of fact" that "an indictment must do more than simply repeat the language of the criminal statute." *United States v. Haldeman*, 559 F.2d 31, 124–25 (D.C. Cir. 1976) (quoting *Russell v. United States*, 369 U.S. 749, 764 (1962)). Otherwise, "[i]t is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *Hamling*, 418 U.S. at 117 (internal quotation marks omitted).

Each of the counts of the indictment here satisfy this standard. They "set[] forth all of the elements of" the charges against Mr. Worrell and "thereby enable[] [Mr. Worrell] to prepare a defense and plead that an acquittal or conviction is a bar to future prosecutions." *See United States v. Williams*, No. 21-cr-0618 (ABJ), 2022 WL 2237301, at *8 (D.D.C. June 22, 2022) (rejecting a lack of specificity challenge brought by a defendant charged in connection with the breach and riot on January 6, 2021).

For Count One, Obstruction of an Official Proceeding and Aiding and Abetting, 18 U.S.C. §§ 1512(c)(2) and 2, the Second Superseding Indictment states:

> On or about January 6, 2021, within the District of Columbia and elsewhere, **CHRISTOPHER WORRELL** and **DANIEL SCOTT** attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15-18.

That language sets forth all the required elements, informs Mr. Worrell of his precise offense so that he may prepare a defense, and would allow him to plead double jeopardy in any future prosecution for the same offense. Furthermore, there is nothing about Count One that suggests an additional specific identification of fact would be necessary. *See United States v. Weeks*, No. 21-cr-00247 (TFH), 2022 WL 9296415, at *3–6 (D.D.C. Oct. 14, 2022) (coming to the same conclusion). Indeed, Mr. Worrell does not point to any particular reason why the Court should conclude that Count One is insufficiently specific. *See* Second Mot. Dismiss 7–9. The Court therefore concludes that Count One is sufficiently specific.

For Counts Two, Four, Six, Eight, Ten, and Thirteen, the Court agrees with the reasoning of Judge Hogan, who rejected a specificity challenge on the same grounds, for the same charges, and for nearly identical indictment language. *Sargent*, 2022 WL 1124817 at *3–10. Reviewing the indictment here, and the statutory language, this Court finds that each count sets forth all the required elements, informs Mr. Worrell of his precise offense so that he may prepare a defense, and would allow him to plead double jeopardy in any future prosecution for the same offense. And, just as Judge Hogan concluded, nothing about the charges here suggests that the indictment requires additional specific identifications of fact. *See id.*

Mr. Worrell's count-specific arguments are unavailing. For Count Two, he argues that the indictment does not sufficiently inform him of the restricted grounds that he allegedly entered. Second Mot. Dismiss 8. For Count Four, he argues that the indictment "does not discuss what disorderly or disruptive conduct Mr. Worrell engaged in, nor his intent to do so." *Id.* For Counts Six and Eight, he argues that the indictment should "discuss who Mr. Worrell engaged in an act of physical violence, [and] the manner in which these events allegedly occurred." *Id.* at 9. For Count Ten, Mr. Worrell protests that there is no discussion of "how Mr. Worrell allegedly committed or attempted to obstruct, impede, or interfere with a law enforcement officer, nor does it describe or identify which Law [*sic*] enforcement officer, Mr. Worrell allegedly committed this crime against." *Id.* And for Count Thirteen, Mr. Worrell argues that the indictment is defective because it "does not discuss how Mr. Worrell allegedly forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with an employee of the United States, nor does it describe which officer or employee of the United States this charge refers to." *Id.*

These arguments are without any basis. For Count Two, the restricted grounds are sufficiently described as "any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was and would be temporarily visiting." Second Superseding Indictment 2. For Count Four, Mr. Worrell's intent is laid out clearly, that he "did knowingly, and with intent to impede and disrupt the orderly conduct of Government business and official functions, engage in disorderly and disruptive conduct." *Id.* at 3. And for all the remaining questions Mr. Worrell raises, he is ultimately requesting the kind of detailed indictment not required by law, and his alleged deficiencies are exactly the kind of "*how*" details that the government is *not* required to fill an indictment with. *Verrusio*, 762 F.3d at 13–15; *see Haldeman*, 559 F.2d at 124 ("[N]either the Constitution, the Federal Rules of Criminal Procedure, nor any

other authority suggests that an indictment must put the defendants on notice as to every means by which the prosecution hopes to prove that the crime was committed.").[2]

The Second Superseding Indictment satisfies the specificity requirements in Rule 7 and the Constitution. Therefore, Mr. Worrell's motion is **DENIED** on those grounds.

### B. Pepper Spray May be a Dangerous Weapon

Next, Mr. Worrell challenges Counts Two, Four, Six and Thirteen arguing that they fail to state an offense because pepper gel spray, which those counts allege he used or carried, is not a dangerous weapon as a matter of law. Second Mot. Dismiss 9–16. The challenge is meritless at this stage.

To succeed on a motion to dismiss an indictment for failure to state an offense, the defendant may succeed if "only an issue of law is presented." *See United States v. Yakou*, 428 F.3d 241, 246–47 (D.C. Cir. 2005). If there are "material facts" in dispute as to whether pepper spray is a dangerous weapon, then the motion should be denied. *See id.* The question before the Court then is whether the government *could* show that pepper spray is a dangerous weapon at trial. *See id.*

As Mr. Worrell's brief acknowledges, "[f]inding pepper spray to be a dangerous weapon requires a case-specific factual showing by the Government." Second Mot. Dismiss 12 (citation omitted). This Court has previously understood a dangerous weapon to be "an object that is either inherently dangerous or is used in a way that is likely to endanger life or inflict great bodily harm." *United States v. Chansley*, 525 F. Supp. 3d 151, 162 (D.D.C. 2021). To dismiss the challenged

---

[2] Mr. Worrell's frequent reliance on the district court's opinion in *United States v. Hillie* is unpersuasive. 227 F. Supp. 3d 57 (D.D.C. 2017); *see* Reply in Supp. Mot. Dismiss 1–5; Second Mot. Dismiss 5–9. That case featured unique circumstances, including overlapping and broad time periods with "lack of particularity or specificity regarding Hillie's actions []mak[ing] it impossible to discern—and therefore to distinguish between—the conduct underlying each separate count." *Id.* at 72. This indictment, however, is sufficiently specific and clear about the conduct underlying each count as well as the time period involved (January 6, 2021). Second Superseding Indictment; *see also Sargent*, 2022 WL 1124817 at *6 (distinguishing *Hillie* on the same grounds).

counts before the government has an opportunity to make its factual showing would be inappropriate. Indeed, Chief Judge Howell found for purposes of detention that the very pepper gel spray allegedly used by Mr. Worrell qualifies as a dangerous weapon. ECF No. 51-1 at 62–63. The government plans to prove that at trial using its witnesses. *See* Trial Br. 19, ECF No. 218. There is consequently no basis to hold that, as a matter of law, pepper gel spray is not a dangerous weapon.

The Court **DENIES** Mr. Worrell's challenge to the indictment on those grounds. The issue will be considered anew after trial based on the evidence introduced by the government.

### C. Counts Two, Four, Six, and Eight are not Multiplicitous

Finally, Mr. Worrell argues that Counts Two, Four, Six, and Eight are multiplicitous. "Multiplicity violates the Fifth Amendment's Double Jeopardy Clause, which protects not only against a second prosecution for the same offense after acquittal or conviction but also against charging the same offense in more than one count of a single indictment." *United States v. Cooper*, 886 F.3d 146, 153 (D.C. Cir. 2018) (internal quotation marks and alternations omitted).

"To determine multiplicity vel non, courts generally apply the *Blockburger* test." *United States v. Mahdi*, 598 F.3d 883, 888 (D.C. Cir. 2010). "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). In other words, do each of the "offenses created require[] proof of a different element[?]" *See id.* This test "focuses exclusively on the statutory elements of the offenses." *United States v. Weathers*, 186 F.3d 948, 951, 954 (D.C. Cir. 1999). Nevertheless, if it is plain that Congress intended a different result, the

*Blockburger* test will yield to that different expression of Congressional intent. *Mahdi*, 598 F.3d at 888.

Each of the challenged counts requires at least one proof of fact that the others do not and Mr. Worrell has not provided any reason to believe that Congress intended a contrary result. Therefore, the Court **DENIES** his motion on those grounds.

Beginning with Count Two, Entering or Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, 18 U.S.C. §§ 1752(a)(1) and (b)(1)(A), the government must show that the defendant acted "without lawful authority" while entering or remaining in the restricted building or grounds. The other charges do not require that proof. For Count Four, Disorderly or Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, 18 U.S.C. §§ 1752(a)(2) and (b)(1)(A), the government must show that the defendant employed "disorderly or disruptive conduct" which "impede[d] or disrupt[ed] the orderly conduct of government business or official functions." The others do not require that element. For Count Six, Engaging in Physical Violence in a Restricted Building or Grounds Using a Deadly or Dangerous Weapon, 18 U.S.C. §§ 1752(a)(4) and (b)(1)(A), the government must show that the defendant "engage[d] in any act of physical violence" and "did use and carry a deadly and dangerous weapon." The former is not required for Counts Two and Four and the latter is not required for Count Eight. For Count Eight, Act of Physical Violence in the Capitol Grounds or Buildings, 40 U.S.C. § 5104(e)(2)(F), the government must show that the defendant "willfully and knowingly" engaged in an act of physical violence. The other counts do not require proof of a willful mens rea.

Because each count requires proof of a fact that the others do not, the various counts pass the *Blockburger* test. And because there is no evidence of Congressional intent otherwise, the

Court concludes that the counts are not multiplicitous. Accordingly, Mr. Worrell's multiplicity challenge is **DENIED**.

### III.  CONCLUSION

Because the bases for Mr. Worrell's motions to dismiss are without merit, the Court hereby **ORDERS** that his motions be **DENIED**.

**IT IS SO ORDERED.**

Date: April 21, 2023

Royce C. Lamberth
United States District Judge