UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | No. 21-CR-292-1 (RCL) |
| : | |
| **CHRISTOPHER WORRELL,** : | |
| : | |
| **Defendant.** : | |

### UNITED STATES' SUPPELEMENTAL TRIAL BRIEF

The United States submits this supplemental trial brief to address two issues. First, the government addresses the issue, raised by the Court at the pretrial conference, regarding whether the parties should submit proposed findings of fact. Second, the government provides a revised set of elements and definitions regarding the charges.

### VERDICT PROCEDURE

The government respectfully requests that the Court render the verdict after closing arguments (or as soon as practicable thereafter). When delivering the verdict, the government proposes that the Court note the law it is applying to the facts adduced at trial. Judge McFadden, for example, has in the past stated during his verdict that he has adopted the instructions and definitions in the government's trial brief; *see, e.g., United States v. Speed,* No. 22-cr-244 (TNM), 3/7/23 Tr. of Oral Ruling at 2; or the Court could otherwise set out the elements and definitions it is applying. The government does not request specific findings of fact pursuant to Federal Rule of Criminal Procedure 23(c).

### CHARGES AND ELEMENTS

Below, the government outlines the charges and elements for each charge, along with any statements of law relevant to that count. The revisions are, in summary, as follows:

Count One (Section I(A)(D) *infra*): The government has added an instruction regarding a *Pinkerton* theory of liability for Count One (obstructing an official proceeding).

Count Thirteen (Section VII *infra*): The government has revised the introductory language to more closely follow the language of the indictment. Separately, the government notes that Count 13 charges two felony offenses: a Section 111(a)(1) felony offense and a Section 111(a)(1) and (b) felony offense. The Section 111(a)(1) felony is a lesser offense of Section 111(b), but not a lesser-*included* offense. The Section 111(b) violation charged in Count 13 requires a finding that defendant used a deadly or dangerous weapon, which the felony Section 111(a)(1) violation does not. A felony Section 111(a)(1) violation requires a finding that the offense involved physical contact with the victim or the intent to commit another felony, which the Section 111(b) charge does not. Each of those elements—sufficient to find either a Section 111(b) or Section 111(a)(1) felony violation—were alleged in Count 13 of the Indictment. In addition, Section 111(a) includes a lesser included misdemeanor offense in the event the defendant does not carry a deadly or dangerous weapon, does not make physical contact, and does not intend to commit another felony.

Because Count 13 charges both the Section 111(b) and 111(a)(1) felonies, the government requests that the Court reach verdicts on *both* the Section 111(b) and 111(a)(1) charges. That is, even if the Court finds the defendant guilty of possessing a deadly or dangerous weapon under Section 111(b), the government would request a separate finding that the defendant also intended to commit another felony, thus violating Section 111(a)(1). If the Court finds defendant guilty of either or both offenses, the Court need not consider the lesser-included simple assault charge under Section 111(a).

The government's proposed instructions are below.

I.    **Count One**

 A.    **Elements**

Count One of the Second Superseding Indictment charges the defendant with obstruction of an official proceedings and aiding and abetting, in violation of 18 U.S.C. §§ 1512(c) and 2. In order to find the defendant guilty of this offense, the Court must find that the government proved each of the following elements beyond a reasonable doubt:

> 1. First, the defendant attempted to or did obstruct or impede an official proceeding;
>
> 2. Second, the defendant intended to obstruct or impede the official proceeding;
>
> 3. Third, the defendant acted knowingly;
>
> 4. Fourth, the defendant acted corruptly.

If the Court finds that the government has proved beyond a reasonable doubt all of the elements of this charge, the defendant's motive in acting is not relevant.

To "obstruct" or "impede" means to block, interfere with, or slow the progress of an official proceeding.

The term "official proceeding" includes a proceeding before the United States Congress. As used in Count One of the Second Superseding Indictment, the term "official proceeding" means Congress's Joint Session to certify the Electoral College vote. *See United States v. Grider*, No. CR 21-022 (CKK), 2022 WL 17829149, at *10 (D.D.C. Dec. 21, 2022) ("like every other court of this jurisdiction to have addressed the issue, [the Court concludes that] the quadrennial certification of the electoral vote was an 'official proceeding.'").

The official proceeding need not be pending or about to be instituted at the time of the offense. If the official proceeding was not pending or about to be instituted, the government must

prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant.

To act "corruptly," the defendant must use unlawful means or have an unlawful purpose, or both. The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means an understanding or awareness that what the person is doing is wrong or unlawful.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what he did or said.

### B. Aiding and Abetting

The government further alleges that the defendant aided and abetted others in committing obstruction of an official proceeding. To satisfy its burden of proof in proving that the defendant aided and abetted others in committing this offense, the government must prove the following beyond a reasonable doubt:

1. First, that others committed obstruction of an official proceeding by committing each of the elements of the offense charged;

2. Second, that the defendant knew that obstruction of an official proceeding was going to be committed or was being committed by others;

3. Third, that the defendant performed an act or acts in furtherance of the offense;

4. Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of obstruction of an official proceeding; and

5. Fifth, the defendant did that act or acts with the intent that others commit the offense of an obstruction of an official proceeding.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government needs to show some affirmative participation by the defendant which at

least encouraged others to commit the offense. That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. the defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aid, assist, facilitate, or encourage only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.  The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

**C.      Attempt**

In Count One, the defendant is also charged with attempt to commit the crime of obstructing an official proceeding.  The elements of the crime of attempted obstruction of an official proceeding, each of which the government must prove beyond a reasonable doubt, are:

1. First, that the defendant intended to commit the crime of obstruction of an official proceeding, as defined above; and

2. Second, that the defendant engaged in conduct that constituted a substantial step toward committing obstruction of an official proceeding, as defined above.

You may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because he made some plans to or some preparation for committing that crime. Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruction of an official proceeding.  However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the actual commission of the crime.

### D. Co-Conspirator Liability

The government may also argue that Christopher Worrell may be held liable as a co-conspirator. A defendant is responsible for an offense committed by another member of a conspiracy if the defendant was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of, and as a natural consequence of, the conspiracy. In order to find a defendant guilty of a charged offense under this theory of liability, you must find the that the government proved beyond a reasonable doubt the following six requirements:

First, the defendant knowingly joined a conspiracy;

Second, the charged offense was committed by a member of that conspiracy;

Third, that the defendant was a member of the conspiracy at the time the charged offense was committed;

Fourth, that the charged offense was committed during the existence of the conspiracy;

Fifth, that the charged offense was committed in furtherance of the conspiracy; and

Sixth, that the charged offense was a reasonably foreseeable consequence of the conspiracy. It is not necessary that the crime was intended as part of the original plan, only that it was a reasonably foreseeable consequence of the original plan.[1]

## II. Count Two

Count Two of the Second Superseding Indictment charges the defendant with entering or remaining in a restricted building or grounds with a deadly or dangerous weapon, in violation of 18 U.S.C. § 1752(a)(1) and (b)(1)(A). In order to find the defendant guilty of this offense, the

---

[1] *Pinkerton v. United States*, 328 U.S. 640, 646-48 (1946); *United States v. Long*, 905 F.2d 1572, 1577 n.8 (D.C. Cir. 1990); and *United States v. Sampol*, 636 F.2d 621, 676 (D.C. Cir. 1980).

Court must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant entered or remained in a restricted building or grounds without lawful authority to do so;

2. Second, that the defendant did so knowingly;

3. Third, that the defendant knowingly used or carried a deadly or dangerous weapon during and in relation to the offense.

An object can be a "deadly or dangerous weapon" in two ways. First, an object is a deadly or dangerous weapon if it is inherently or obviously dangerous or deadly. Second, an object is a deadly or dangerous weapon if the object is "capable of causing serious bodily injury or death to another person" when used in the "manner" in which the defendant used it. *United States v. Arrington*, 309 F.3d 40, 45 (D.C. Cir. 2002) (citation omitted). In determining whether the object is a "deadly or dangerous weapon," the Court may consider both the object's physical capabilities and the manner in which the object was used.

The term "serious bodily injury" means "injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation." U.S.S.G. § 1B1.1 n.1(M); Dkt. 162 at 11 (Worrell agreeing in this case that a similar definition is appropriate); *see also* 18 U.S.C. §§ 831(g)(4), 1864(d)(1), & 1365(h)(3).

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting. The term "person protected by the Secret Service" includes the Vice President, and the immediate family of the Vice President.

**III.   Count Four**

Count Four of the Second Superseding Indictment charges the defendant with disorderly or disruptive conduct in a restricted building or grounds with a deadly or dangerous weapon, in violation of 18 U.S.C. § 1752(a)(2) and (b)(1)(A). In order to find the defendant guilty of this offense, the Court must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant engaged in disorderly or disruptive conduct in any restricted building or grounds;

2. Second, that the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions;

3. Third, that the defendant's conduct in fact impeded or disrupted the orderly conduct of Government business or official functions;

4. Fourth, that the defendant knowingly used or carried a deadly or dangerous weapon during and in relation to the offense.

"Disorderly conduct" occurs when a person is unreasonably loud and disruptive under the circumstances or interferes with another person by jostling against or unnecessarily crowding that person. "Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process. *See, e.g.,* Final Jury Instructions, *United States v. Bacon,* 21-cr-488 (CRC), ECF No. 70, at 10 (D.D.C. Mar. 2, 2023).

Judge Kollar-Kotelly has found, "'disorderly' conduct is that which 'tends to disturb the public peace, offend public morals, or undermine public safety.' 'Disorderly,' Black's Law Dictionary (9th ed. 2009); *see also* 'Disorderly,' Oxford English Dictionary (2nd ed. 1989) ("Not according to order or rule; in a lawless or unruly way; tumultuously, riotously.")." *United States v. Rivera*, No. CR 21-060 (CKK), 2022 WL 2187851, at *5 (D.D.C. June 17, 2022). "Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process. *See, e.g., id.* at *5.

"Even mere presence in an unlawful mob or riot is both (1) 'disorderly' in the sense that it furthers the mob's 'disturb[ing] the public peace' and (2) 'disruptive' insofar as it disturbs the normal and peaceful condition of the Capitol grounds and buildings, its official proceedings, and the safety of its lawful occupants. Were it not, it must be said that continued presence in a mob that is being tear gassed and pepper sprayed is disorderly insofar as a person's continued presence clearly impedes law enforcement's efforts to regain control of a particular area." *Rivera*, 2022 WL 2187851, at *5.

## IV.  Count Six

Count Six of the Second Superseding Indictment charges the defendant with engaging in physical violence in a restricted building or grounds with a deadly or dangerous weapon, in violation of 18 U.S.C. § 1752(a)(4) and (b)(1)(A). In order to find the defendant guilty of this offense, the Court must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant engaged in any act of physical violence against any person in any restricted building or grounds;

2. Second, that the defendant did so knowingly; and

3. Third, that the defendant knowingly used or carried a deadly or dangerous weapon during and in relation to the offense.

The term "act of physical violence" means, as relevant here, any act involving an assault or other infliction or threat of infliction of death or bodily harm on an individual.

## V.  Count Eight

Count Eight of the Second Superseding Indictment charges the defendant with an act of physical violence in the United States Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(F). In order to find the defendant guilty of this offense, the Court must find that the government proved each of the following elements beyond a reasonable doubt:

9

> 1. First, that the defendant engaged in an act of physical violence in the Grounds or any of the Capitol Buildings; and
>
> 2. Second, that the defendant did so willfully and knowingly.

The term "United States Capitol Grounds" is defined as the area designated on a map entitled "Map showing areas comprising United States Capitol Grounds," dated June 25, 1946, approved by the Architect of the Capitol, and recorded in the Office of the Surveyor of the District of Columbia in book 127, page 8. That map is attached as Exhibit 1.

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.

## VI. Count Ten

Count Ten of the Second Superseding Indictment charges the defendant with civil disorder, in violation of 18 U.S.C. § 231(a)(3). In order to find the defendant guilty of this offense, the Court must find that the government proved each of the following elements beyond a reasonable doubt:

> 1. First, the defendant knowingly committed an act or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.
>
> 2. Second, at the time of the defendant's actual or attempted act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.
>
> 3. Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

"[F]or the purposes of this statute, the Court need not find that the defendant's actions *in fact* obstructed law officer officers. Rather, the Court need only find that the defendant committed or attempted to commit an act with the specific intent to obstruct law enforcement

officers." *Grider*, 2022 WL 17829149, at *8 (citing *United States v. McHugh*, 583 F. Supp. 3d 1, 24-25 (D.D.C. 2022) (JDB) (collecting cases)).

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property. 18 U.S.C. § 232(1).

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia. It also means commerce wholly within the District of Columbia. *Id.* § 232(2).

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof. *Id.* § 232(3).

The term "law enforcement officer" means any officer or employee of the United States or the District of Columbia while engaged in the enforcement or prosecution of any criminal laws of the United States or the District of Columbia. *Id.* § 232(7).

For the U.S. Capitol Police and Metropolitan Police Department on January 6, 2021, the term "official duties," means policing the U.S. Capitol Building and Grounds, and enforcing federal law and D.C. law in those areas.

## VII. Count Thirteen

Count Thirteen of the Second Superseding Indictment charges the defendant with forcibly assaulting, resisting, or impeding an officer or employee of the United States who was then engaged in the performance of his official duties or any person assisting an officer or employee of the United States who is engaged in the performance of his official duties, where

11

such acts involve physical contact with the victim or the intent to commit another felony, in violation of 18 U.S.C. § 111(a)(1).  Count Thirteen further alleges that the defendant used a dangerous weapon, in violation of 18 U.S.C. § 111(b).

Elements of Section 111(b) offense

In order to find the defendant guilty of this offense, the Court must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer of the Metropolitan Police Department or the U.S. Capitol Police;

2. Second, the defendant did such act forcibly;

3. Third, the defendant did such acts voluntarily and intentionally;

4. Fourth, the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was an officer or an employee of the United States who was then engaged in the performance of his official duties, or was assisting officers of the United States who were then engaged in the performance of that officer's duties;

5. Fifth, in doing such acts, the defendant used a deadly or dangerous weapon.

The defendant acts "forcibly" if he uses force, attempts to use force, or threatens to use force against the officer.  Physical force or contact is sufficient but actual physical contact is not required.  A person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly. In such case, the threat must be a present one.

The term "intentionally" means that the defendant acted knowingly, consciously, and voluntarily.

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so.  To find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant intended to

inflict or to threaten injury. Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.

The phrase "deadly or dangerous weapon" has the same meaning as described in Count Two above.

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, assisting federal officers in carrying out an official duty so long as it is established beyond a reasonable doubt that the victim was, in fact, assisting a federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.

For a deadly and dangerous weapon to have been "used," the government must prove that the defendant not only possessed the weapon, but that he intentionally displayed it in some manner while forcibly assaulting, resisting, opposing, impeding, intimidating or interfering with the federal officer.

<u>Elements of Section 111(a)(1) Felony</u>

Count Thirteen of the Second Superseding Indictment also charges the defendant with assaulting, resisting, or impeding certain officers, in violation of 18 U.S.C. § 111(a)(1). In order to find the defendant guilty of this offense, the Court must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer of the Metropolitan Police Department or the U.S. Capitol Police;
2. Second, the defendant did such act forcibly;

3. Third, the defendant did such act voluntarily and intentionally;

4. Fourth, the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was an officer or an employee of the United States who was then engaged in the performance of his official duties, or was assisting officers of the United States who were then engaged in the performance of that officer's duties;

5. Fifth, in doing such acts, the defendant acted with intent to commit another felony—in this case, Civil Disorder, as charged in Count Ten, or Obstruction of an Official Proceeding and Aiding and Abetting, as defined in Count One.

<u>Misdemeanor Offense – Simple Assault Under 18 U.S.C. § 111(a) (Lesser-Included Offense)</u>

A misdemeanor violation of Section 111(a) (simple assault) is a lesser-included offense of the Section 111(b) and 111(a)(1) violations. To find the defendant guilty of this offense, the Court must find that the government proved the following beyond a reasonable doubt:

1. First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer of the Metropolitan Police Department or the U.S. Capitol Police;

2. Second, the defendant did such act forcibly;

3. Third, the defendant did such act voluntarily and intentionally;

4. Fourth, the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was an officer or an employee of the United States who was then engaged in the performance of his official duties, or was assisting officers of the United States who were then engaged in the performance of that officer's duties.

        Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY
        D.C. Bar Number 481052

By:   <u>/s/ *William Dreher*</u>
       WILLIAM DREHER
       Assistant United States Attorney (Detailed)
       D.C. Bar No. 1033828
       700 Stewart Street, Suite 5220

Seattle, WA 98101
(206) 553-4579
william.dreher@usdoj.gov

ALEXIS J. LOEB
Assistant United States Attorney (Detailed)
CA Bar No. 269895
450 Golden Gate Ave., 11th Floor
San Francisco, CA 94102
(415) 436-7168
alexis.loeb@usdoj.gov
15