UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v.                                                    )<br>)<br>CHRISTOPHER WORRELL, et. al., )<br>)<br>          Defendant          )<br>) | Case No. 21-cr-00292-RCL |

# DEFENDANT'S OBJECTIONS TO DRAFT PRESENTENCE REPORT

                                                     William L. Shipley, Jr., Esq.
                                                   PO Box 745
                                                   Kailua, Hawaii 96734
                                                   Tel: (808) 228-1341
                                                   Email: 808Shipleylaw@gmail.com

                                                   *Attorney for Defendant*

Defendant Christopher Worrell respectfully submits the following information objections to the Draft Presentence Report dated July 14, 2023.

Par. 30    Defendant Worrell attended the Stop the Steal rally with a group of individuals who traveled with him from Florida. Scott was not among that Group. Worrell and Scott were two people among a much larger group from Florida but it is inaccurate to suggest that they attended any events "together" – their presence in the same location at the same time was happenstance, no different than Worrell was at the Rally in close physical proximity to many other people from Florida that he knew.

Par. 31    As Judge Lamberth noted in reading his verdict, much or nearly all of the evidence regarding the activities of other members of the Proud Boys was irrelevant to the legal charges against Mr. Worrell, and irrelevant to Mr. Worrell's conduct. While Worrell and Scott were joined as co-defendants, there is no conspiracy charge, and they are both charged in a single count of the Second Superseding Indictment – Count One. References to messages to or from Mr. Scott should be deleted as irrelevant as they are not "relevant conduct" with respect to Mr. Worrell.

Par. 32.   See 31 above, with the exception of Subparagraph "v".

Par. 34    There is no evidence that Worrell ever saw this message, therefore it is not relevant and should be deleted.

Par. 35    There is no evidence that Worrell ever saw this video. It is among the evidence related to the Proud Boys that Judge Lamberth stated in his verdict was "irrelevant" to the case. The reference should be omitted.

Par. 36    What Mr. Scott did or did not do earlier in the day on Jan. 6 is irrelevant to Mr. Worrell. They were together among a much larger group upon reaching the Washington Monument. There was no evidence that their presence there was anything other than coincidental.

Par. 38    Nordean, Biggs and Rehl were not co-defendants and their conduct is irrelevant to the facts as they relate to Mr. Worrell – as stated by Judge Lamberth. References to them should be deleted.

Par. 40    Same objection as Par. 38.

Par 41     References to any individual other than Mr. Worrell should be deleted as irrelevant and not within the scope of "relevant conduct"

|          | |
|----------|---|
| | based on the comments of Judge Lamberth.  The Offense Conduct should focus on the conduct of Mr. Worrell and not others.  The comments of anyone other than Mr. Worrell should be deleted. |
| Par. 42  | Same objection as 41. |
| Par. 44  | The "conclusion" about the intent and meaning behind Mr. Worrell's comments are a matter of speculation by the Probation Officer.  Judge Lamberth's verdict, as read into the record, addresses this issue and the conclusion in this paragraph should be deleted. |
| Par. 46  | The sentence "Defendant Worrell admitted to defendant Scott on several other occasions that he had pepper-sprayed law enforcement officers…" should be deleted.  Scott did not testify.  The only source for this claim would be in videos capturing events around that time.  The video evidence does not show "several" such comments – however many is suggested by that word. |
| Par. 47  | There was no evidence introduced of Mr. Worrell moving any barrier in the area of the northwest stairs.  What was done by other Proud Boy members is irrelevant and should be deleted – as noted by Judge Lamberth. |
| Par. 78  | Mr. Worrell objects to the conclusion that he willfully obstructed justice.  Mr. Worrell testified to events happening in a very chaotic situation where the line between police and protesters was constantly shifting, a strong wind was blowing, and various items were being thrown by each side at the other.  Mr. Worrell's testimony was the best and most accurate version of his recollection, aided by what he was able to see from the video evidence provided in discovery. |
| Par. 79  | Says "guilty by a jury" – should be bench trial. |
| Par. 99  | Mr. Worrell objects to the +8 level enhancement on the basis than an "official proceeding", when it is a proceeding before Congress, is not a matter involving the "administration of justice" as defined in the Commentary to Sec. 2J1.2, and therefore the Enhancement is not applicable. |
| Par. 100 | Same as Par. 99, but with regard to the +3 level enhancement. |
| Par. 101 | Mr. Worrell objects to the +2 level enhancement for "extensive planning."  There was ample evidence at trial that was not rebutted, including testimony from Mr. Worrell, that the preparations identified in this paragraph were largely for self-defense purposes based on Mr. Worrell's prior trip to Washington |

|  |  |
|---|---|
|  | D.C. when a Proud Boy member was stabbed and grievously wounded by a counter-protester in close physical proximity to Mr. Worrell.  The general instructions coming out of that event was that Proud Boys coming to Washington D.C. should wear protective equipment to prevent stabbing type injuries.  The communication gear he brought was to account for an anticipated loss of cell phone service, as had also happened during his earlier attendance at a pro-Trump rally.  The only radios on the frequency that Mr. Worrell's radio was set to where the companions he traveled with from Florida – none of whom have been charged with any criminal activity.  For the "planning" enhancement to apply, the "planning" in question must be involve "planning the offense conduct."  Where offense conduct – such as here – is spontaneous and sparked by events, the "planning" enhancement" is not appropriate. |
| Par. 104 | Mr. Worrell objects.  See Par. 78 above. |
| Par. 108 | The Total Offense Level should be 17. |
| Par. 123. | Mr. Worrell last spoke with his father on Dec 13, 2021. |
| Par. 127 | This should reflect that Ms. Pillar has spoken with Probation. |
| Par. 142 | While an x-ray was taken in May 2021, and Mr. Worrell was referred to physical therapy, that physical therapy did not begin until four months later – in September 2021 in an treatment facility located inside DOC without standard physical therapy equipment.   Mr. Worrell did not decline to have the surgery.  The surgeon at Howard University Hospital changed his recommendation after he was pressured to do so by the DOC administration, which was part of the basis for Judge Lamberth holding DOC management in contempt.  Mr. Worrell never received a treatment plan for chemotherapy, and that refusal/inability was a basis for Judge Lamberth's decision to release him on terms and conditions of pretrial release so he could receive that care from his own physicians. |
| Par. 148 | Mr. Worrell's medical conditions place him in Care Level 3. |
| Par. 152 | It should be noted that the "substance" is not being smoked.  Tinctures and balms are applied to the skin that drastically benefitted Chris's lymphoma lesions and itching |
| Par. 154 | Mr. Worrell believed that since his oncologist had recommended that he obtain a medical marijuana card under Florida law, and he had applied for the issuance of that card through the State of Florida licensing agency, use of marijuana for medical purposes |

|  |  |
|---|---|
|  | would not have been a violation of his terms and conditions of pretrial release.  When Judge Lamberth denied his motion to modify his terms and conditions of pretrial release to allow such medical use, Mr. Worrell resumed strict compliance with those terms and conditions. |
| Par. 163 | Mr. Worrell was terminated because of the criminal charges filed in connection with his having attended and participated in the protest in Washing ton D.C. on January 6.  That was the "behavioral" issue as referenced. |
| Par. 181 | With a Total Offense Level of 17, and a Crim. History Cat. Of I, the Guideline Range is 24-30 months. |

Dated: July 29, 2023                    Respectfully submitted,

/s/ William L. Shipley
William L. Shipley, Jr., Esq.
PO BOX 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com
