**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

v.

CHRISTOPHER WORRELL,

*Defendant.*

Case No. 1:21-cr-292-RCL

**DEFENDANT'S MOTION FOR PUBLIC ACCESS TO ECF NOS. 222, 235, AND 243 AND FOR A STATEMENT OF THE BASIS FOR THEIR RESTRICTION**

Defendant Christopher Worrell, through undersigned counsel, respectfully moves this Court for an order directing the Clerk to make publicly available the documents docketed at ECF Nos. 222, 235, and 243, and, to the extent the Court declines to do so in full, for a statement on the record identifying the authority and reasons for which those documents are restricted from public view. In support, Mr. Worrell states as follows.

## I. BACKGROUND

ECF Nos. 222, 235, and 243 are witness lists filed by the United States in connection with the criminal trial of this matter. None of the three documents was filed under seal. The docket reflects no motion by any party to seal or restrict these documents, no order of this Court directing that they be sealed or restricted, and no findings supporting any limitation on public access. Nevertheless, the documents are not available to the public through the Court's electronic docket. Undersigned counsel's inquiry to the Clerk's Office did not identify any order or other basis for the restriction. The record therefore contains no explanation of why, by whom, or on what authority public access to these filings was restricted.

## II. LEGAL STANDARD

The public enjoys a common-law right "to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). In this Circuit, that right is a fundamental element of the rule of law, and there is a strong presumption in favor of public access to judicial proceedings and records. *See In re Leopold to Unseal Certain Elec. Surveillance Applications & Orders*, 964 F.3d 1121, 1127 (D.C. Cir. 2020); *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 663, 665–66 (D.C. Cir. 2017). Once a court determines that a document is a judicial record, that presumption may be overcome only after the court weighs the six factors set out in *United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir. 1980): (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings. *MetLife*, 865 F.3d at 665 (quoting *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)); *see also League of Women Voters of U.S. v. Newby*, 963 F.3d 130, 135–36 (D.C. Cir. 2020) (court first determines whether a document is a judicial record, then weighs the *Hubbard* factors). That presumption may be overcome only if the Court, "after considering the relevant facts and circumstances of the particular case, and after weighing the interests advanced by the parties in light of the public interest and the duty of the courts, concludes that justice so requires." *MetLife*, 865 F.3d at 665–66 (quoting *In re Nat'l Broad. Co.*, 653 F.2d 609, 613 (D.C. Cir. 1981)). The party seeking to keep a judicial record from public view must show competing interests weighty enough that justice requires the seal. *See In re Leopold*, 300 F. Supp. 3d 61, 92 (D.D.C. 2018), *rev'd on other grounds*, 964 F.3d 1121, 1129 (D.C. Cir. 2020) (noting that the government did not dispute this standard); *see also United States*

*v. Amodeo*, 44 F.3d 141, 148 (2d Cir. 1995). Any restriction must rest on specific findings. *See Hubbard*, 650 F.2d at 323–24; *Nat'l Children's Ctr.*, 98 F.3d at 1410.

In criminal cases, the First Amendment independently guarantees a qualified right of access to proceedings and documents that have historically been open and whose openness plays a significant positive role in the functioning of the process. *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8–10 (1986); *see also Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984); *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980) (plurality opinion); *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 606–07 (1982). Where that right attaches, access may be denied only on specific findings, made on the record, that closure is essential to preserve a compelling interest and is narrowly tailored to serve that interest. *Press-Enterprise*, 478 U.S. at 13–14; *Press-Enterprise*, 464 U.S. at 510; *Washington Post v. Robinson*, 935 F.2d 282, 289 (D.C. Cir. 1991). Consistent with these principles, this Court's Local Criminal Rules provide that, absent statutory authority, no case or document may be sealed without an order from the Court, and that "[f]ailure to file a motion to seal will result in the document being placed on the public record". LCrR 49(f)(6)(i).

## III. ARGUMENT

### A. The Witness Lists Are Judicial Records Subject to the Presumption of Access.

A document is a judicial record when it is filed with the court and plays a role in the adjudicatory process. Whether a document is a judicial record "depends on 'the role it plays in the adjudicatory process.'" *MetLife*, 865 F.3d at 666 (quoting *SEC v. Am. Int'l Grp.*, 712 F.3d 1, 3 (D.C. Cir. 2013)). A filing can affect a court's decisionmaking even if the court never quotes or cites it, *id.* at 667, and the D.C. Circuit has treated documents as judicial records even where their contents "were not specifically referred to or examined upon" during the proceedings, *id.* at 666–67 (quoting *Hubbard*, 650 F.2d at 316); *see also League of Women Voters*, 963 F.3d at 135–36 (a

court's decision not to reach a briefed issue "hardly means the issue played no role in the 'decisionmaking process'"). Unlike the consultant reports in *American International Group*, which were never filed with the court, *MetLife*, 865 F.3d at 667–68, the government's trial witness lists were filed on the docket of this criminal case for the purpose of informing the Court and the parties of the witnesses the government intended to call at trial, and they bore directly on the conduct of that trial, including the Court's management of the trial. They are judicial records, and the strong presumption of public access applies.

**B. No Order or Finding Supports the Restriction of These Documents.**

The documents were not filed under seal, and the docket reflects no motion to seal, no sealing order, and no findings of any kind. Under LCrR 49(f)(6)(i), a document may not be sealed absent statutory authority or an order of the Court. Under *Hubbard*, 650 F.2d at 323–24, and *Robinson*, 935 F.2d at 289, any restriction on access must rest on a reasoned, on-the-record weighing of the relevant interests. Because no such order or findings exist here, there is no legal basis in the record for withholding these documents from the public, and the presumption of access controls.

Before a plea agreement may be sealed, the D.C. Circuit requires a written motion noted on the public docket, an opportunity for interested persons to be heard, specific findings on the record that sealing is narrowly tailored and essential to a compelling interest, and a public docket entry reflecting the sealing. *Washington Post v. Robinson*, 935 F.2d 282, 289 (D.C. Cir. 1991). Even where an interest to seal may exist, the motion and findings are still required. *Id.* at 289-90. The same safeguards protect the right of access at stake here, and none of them was followed. *See also United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1029–30 (11th Cir. 2005) (sealing docket entries in a criminal case without on-record findings violated the First Amendment).

Moreover, the burden of justifying any restriction lies with the party seeking it. No party has filed a motion to seal or restrict these documents, and no party has attempted to show that any interest outweighs the presumption of access. Because no one has carried, or even attempted to carry, that burden, the restriction cannot stand.

**C. The *Hubbard* Factors Favor Disclosure.**

Each *Hubbard* factor supports access. *First*, the public has a substantial interest in understanding how the government prosecuted this case, one of many arising from the events of January 6, 2021, and a matter in which this Court has already found officials of the D.C. Department of Corrections in civil contempt and referred potential civil rights violations to the Attorney General. *See* ECF Nos. 106, 108, 120. *Second*, to the extent the listed witnesses testified in open court, their identities and testimony are already a matter of public record, which substantially diminishes any interest in continued secrecy. Indeed, the Court's own public minute entries identify each witness who testified at trial. *See* Minute Entries of Apr. 26, 27, and 28, 2023, and May 11 and 12, 2023; *Robinson*, 935 F.2d at 291 (rejecting asserted interests where the information was already public). *Third*, no party has, on this record, objected to disclosure. *Fourth and fifth*, no property or privacy interest has been asserted, and no prejudice has been identified. *Sixth*, the documents were filed for the very purpose of shaping the conduct of a public criminal trial, which weighs heavily in favor of access.

**D. Any Asserted Interest Must Be Raised by Motion and Supported by Evidence.**

Courts have recognized that certain interests may in some circumstances justify limiting access to judicial records, but those interests do not apply automatically. The party seeking restriction must assert them, and the Court must weigh them and explain its reasons on the record. *See Robinson*, 935 F.2d at 289; *Nat'l Children's Ctr.*, 98 F.3d at 1409–10. In a criminal case,

restriction must also be essential to a compelling interest and narrowly tailored. *Press-Enterprise*, 478 U.S. at 13–14. None of that has happened here: no motion was filed, no witness was identified as at risk, and no findings were made.

## IV. RELIEF REQUESTED

For the foregoing reasons, Mr. Worrell respectfully requests that the Court enter an order:

(1) directing the Clerk of the Court to make ECF Nos. 222, 235, and 243 publicly available on the Court's electronic docket;

(2) in the alternative, and to the extent any portion of those documents remains restricted, identifying on the record the statutory authority or order under which each document was restricted, the party or person who requested the restriction, and the reasons for it;

(3) requiring that any continued restriction be supported by specific findings and be narrowly tailored, including through redaction in lieu of wholesale restriction, with redacted versions placed on the public docket; and

(4) granting such other relief as the Court deems just and proper.

Dated: October 14, 2026

Respectfully submitted,

/s/ Jonathan Gross
Jonathan Gross
DC Bar ID MD0162
LAW OFFICE OF JONATHAN GROSS
2833 Smith Ave., Suite 331
Baltimore, MD 21209
(443) 813-0141
jon@jonathangross.law

*Counsel for Defendant Christopher Worrell*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2026, I electronically filed the foregoing Motion with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Jonathan Gross
Jonathan Gross